2004 ND 176

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Christopher LEE, Defendant and Appellant.**

**No. 20030336.**

Supreme Court of North Dakota.

Sept. 15, 2004.

Lonnie Olson, State's Attorney, Devils Lake, ND 58301, for plaintiff and appellee; submitted on brief.

Coral J. Mahler, Sheyenne, ND, for defendant and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Christopher Lee appeals from a judgment of conviction entered after a jury found him guilty of criminal mischief, a class B misdemeanor. Concluding Lee failed to object to the admission of evidence, we affirm the judgment of conviction.

I

[¶ 2] The State charged Lee with criminal mischief for allegedly breaking the passenger-side window of Melissa Verkonski's vehicle, and with interference with a telephone during an emergency call for allegedly taking Verkonski's cellular phone out of her hand, after she had dialed 911, and throwing it on top of the post office roof.

[¶ 3] The State subpoenaed Verkonski to testify against Lee, but she failed to appear for the trial.

[¶ 4] At trial, after laying foundation by testimony from the 911 dispatcher, the State offered as an exhibit a tape-recording of two 911 calls. Lee's attorney responded, "No objection." The exhibit was received and played for the jury. The evidence reflected that on June 1, 2003, between midnight and 1:00 a.m., the 911 dispatcher received two telephone calls from Melissa Verkonski. The first call

was a hang-up call from a cellular phone; the second call was placed by Verkonski using a friend's cellular phone. Both 911 calls were received and recorded by the 911 dispatcher on duty. During the second call, Verkonski told the 911 dispatcher that Lee had broken her passenger-side car window, that he had thrown her cellular phone on top of a building while she was dialing 911, and that he had a protection order against him.

[¶ 5] A Devils Lake police officer testified that after he and another officer responded to the 911 call, he spotted Lee running down an alley and apprehended him. With no objection from Lee, the State introduced two photographs of Verkonski's car, taken by one of the responding police officers on the night of the incident, showing the broken glass and Verkonski's retrieved cellular phone displaying 911 on the call screen.

[¶ 6] After the State rested, Lee moved for a Rule 29, N.D.R.Crim.P., judgment of acquittal. The district court denied the motion, stating the 911 call was admissible under the imputed utterance exception to the hearsay rule, and the testimony and photographs of the broken window and cellular phone could lead a reasonable jury to find Lee guilty of the charges. The jury found Lee guilty of criminal mischief but not guilty of interference with an emergency call. Lee appealed.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b), and this Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 29–28–06.

## II

[¶ 8] Lee argues the district court erred in denying the motion to acquit, because the 911 tape was hearsay and he was denied his Sixth Amendment right to confront his accuser in light of *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

## A

[¶ 9] A touchstone for an effective appeal on any issue raised is that the issue was first properly objected to at trial, thus allowing the court to effectively rule on the objection. *Piatz v. Austin Mut. Ins. Co.,* 2002 ND 115, ¶ 7, 646 N.W.2d 681; *State v. Freed,* 1999 ND 185, ¶ 13, 599 N.W.2d 858; *State v. Moore,* 286 N.W.2d 274, 283 (N.D. 1979). Rule 103(a), N.D.R.Ev., provides:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

[¶ 10] A party may not later take advantage of irregularities that occur during a trial unless the party objects at the time they occur, allowing the court to take appropriate action, if possible, to remedy any prejudice that may result. *Anderson v. Otis Elevator Co.,* 453 N.W.2d 798, 801 (N.D.1990). " 'The initiative is placed on the party, not on the judge,' " to object to offered evidence. *City of Fargo v. Erickson,* 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring specially) (quoting Charles McCormick, *McCormick on Evidence* § 52, at 200–201 (4th ed.1992)). A party's failure to object, therefore, is a waiver upon appeal of any ground of complaint against its admission. *Id.; Piatz,* 2002 ND 115, ¶ 7, 646 N.W.2d 681.

[¶ 11] We have said the reason for this rule is "obvious, for, if it were otherwise, it

would behoove a defendant to sit by and invite error in the hope that if he did not prevail the first time, he would prevail upon appellate review of invited error." *Moore*, 286 N.W.2d at 283.

[¶ 12] In this case, Lee did more than not object to the admission of the tape; he explicitly responded that he had no objection when the State offered the tape into evidence. The State played the tape in open court only after Lee said he did not object to its admittance and it was received into evidence.

[¶ 13] Because Lee did not object to the admission of the tape during trial, our standard of review requires a showing of " 'obvious error which affects substantial rights of the defendant.' " *State v. Jones*, 557 N.W.2d 375, 378 (N.D. 1996) (quoting *State v. Thiel*, 411 N.W.2d 66, 70 (N.D.1987)); N.D.R.Crim.P. 52(b). The defendant has the burden of establishing that an error was obvious by "showing (1) error, (2) that is plain, and (3) that affects substantial rights." *State v. Hirschkorn*, 2002 ND 36, ¶ 6, 640 N.W.2d 439. An error is not obvious unless there is a "clear deviation from an applicable legal rule under current law." *Id.* We determine whether there has been obvious error by examining "the entire record and the probable effect of the alleged error in light of all the evidence." *State v. Johnson*, 2001 ND 184, ¶ 12, 636 N.W.2d 391. "We exercise our power to consider obvious error cautiously and only in 'exceptional situations where the defendant has suffered serious injustice.' " *State v. Ash*, 526 N.W.2d 473, 482 (N.D.1995) (quoting *State v. Smuda*, 419 N.W.2d 166, 168 (N.D. 1988)).

[¶ 14] Lee's argument that the trial court admitted the 911 tape improperly, because Verkonski was not unavailable, is misplaced. Lee argues the State never properly proved Verkonski was unavailable, only that she failed to appear at the trial to testify. Lee cites Rule 804, N.D.R.Ev., to define the unavailability of a witness as including situations in which someone persistently refuses to testify despite an order from the court to do so. The excited utterance exception to the hearsay rule, however, is under Rule 803, N.D.R.Ev., which does not require that a witness be unavailable.

[¶ 15] The admittance of the 911 tape as an excited utterance was not a clear deviation from an applicable legal rule under the current law at the time of the ruling. Several states have held that a statement made during a 911 call can be admitted as an excited utterance. *See State v. Taylor*, 650 N.W.2d 190 (Minn. 2002); *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996); *State v. Augustine*, 458 N.W.2d 859 (Iowa Ct.App.1990); *Bowling v. Commonwealth*, 12 Va.App. 166, 403 S.E.2d 375 (1991); *People v. Slaton*, 135 Mich.App. 328, 354 N.W.2d 326 (1984).

[¶ 16] The United States Supreme Court had not yet decided *Crawford v. Washington*, — U.S. —, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), at the time of the hearing, so any effect that case may have on hearsay exceptions cannot be considered.

[¶ 17] We conclude the error, if it was error, alleged by Lee was not an obvious error under N.D.R.Crim.P. 52(b), because it was not in conflict with applicable legal rule under current law.

B

[¶ 18] Lee argues that a recent United States Supreme Court case, *Crawford v. Washington*, — U.S. —, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), now bars out-of-court testimonial statements unless the witnesses are unavailable and the defendant had a prior opportunity to cross-

examine those witnesses. Because Lee failed to object to the admission of the tape during trial, and because we conclude the alleged error was not obvious, we need not decide whether *Crawford* would have applied.

### III

[¶ 19] The judgment of the district court is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ.