2008 ND 13

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Robert DESJARLAIS, Defendant and Appellant.**

**Nos. 20070156, 20070157.**

Supreme Court of North Dakota.

Jan. 22, 2008.

Nicole E. Foster, Williams County State's Attorney, Williston, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Robert Desjarlais appeals from district court judgments following a jury verdict finding him guilty of three counts of reckless endangerment under circumstances manifesting extreme indifference to human life and one count of fleeing a police officer. We affirm.

I

[¶ 2] In the early morning of October 7, 2006, Williston police officers became involved in a high-speed chase in pursuit of a blue Chevy Lumina. The vehicle was owned by David Fite. During the pursuit, the driver of the vehicle ran numerous stop signs, drove the wrong way on a divided highway, and struck an officer's

vehicle on two separate occasions. Later, Fite's vehicle was found abandoned in a ravine. About three miles from the ravine where the car was found, Desjarlais was apprehended by officers from the Williams County Sheriff's Department. He had with him a set of car keys, a cell phone, a charger, and a flashlight. The key was used to unlock the vehicle in the ravine. Fite testified the other items were from his vehicle.

[¶ 3] The State charged Desjarlais with three counts of reckless endangerment arising from the incidents that took place on October 7, 2006. At trial, the jury found Desjarlais guilty of three counts of reckless endangerment manifesting extreme indifference to human life and one count of fleeing a peace officer.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Desjarlais's appeal from the criminal judgments was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 5] Desjarlais argues the three counts of reckless endangerment constituted the same offense and therefore the district court should have either instructed the jury on only one offense or merged the three counts and sentenced for one offense. Desjarlais is raising this issue for the first time on appeal.

[¶ 6] Issues not raised at trial generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b). *State v. Frohlich*, 2007 ND 45, ¶ 31, 729 N.W.2d 148. As we have recently stated:

> In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence, and the burden is upon the defendant to show the alleged error was prejudicial. An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law. The Court will notice obvious error only in exceptional circumstances when the defendant has suffered a serious injustice.

*State v. Austin*, 2007 ND 30, ¶ 19, 727 N.W.2d 790 (citations omitted).

[¶ 7] Desjarlais was convicted under N.D.C.C. § 12.1–17–03· of three counts of reckless endangerment under circumstances manifesting extreme indifference to the value of human life. The specific acts of reckless conduct he was found guilty of committing were: 1) driving the wrong way on a divided highway, causing another driver to pull over to avoid a head-on collision; 2) driving a vehicle into a police officer's vehicle; and 3) driving a vehicle into the officer's vehicle a second time, causing the vehicle to roll onto its side and injure the officer. These acts all occurred during the police pursuit in the early morning of October 7, 2006.

[¶ 8] Desjarlais argues the three counts of reckless endangerment were part of a continuous course of conduct and therefore they should have been merged into one count. In support of his argument, Desjarlais cites a Minnesota case, *State v. Campeau*, 1999 WL 31165 (Minn. App.1999), in which the defendant was convicted of one count of fleeing police and one count of false imprisonment. She was sentenced to two consecutive one-year and one-day sentences for each conviction. *Id.* She argued the sentence for fleeing an officer should have been vacated because it arose from the same behavioral incident as the false imprisonment charge. *Id.* The court held the convictions arose out of the

same behavioral incident and vacated the sentence imposed for the fleeing conviction. *Id.* In reaching its decision, the court stated:

> The *Johnson* court devised a test for examining whether the charged violations arose from a single behavioral incident. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524 (Minn.1966). This test requires the sentencing court to determine whether the two incidents occurred in "substantially the same time and place" and whether they arose out of a "continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *Id.* at 405, 141 N.W.2d at 524. Utilizing this test, the question of whether multiple offenses arose out of the same behavioral incident necessarily "depends on the facts and circumstances of the particular case." *State v. Bookwalter*, 541 N.W.2d 290, 294 (Minn.1995). Notably, the supreme court has declared that multiple sentences may not be used for two offenses if the defendant substantially contemporaneously committed the second offense in order to avoid apprehension for the first offense. *State v. Hawkins*, 511 N.W.2d 9, 13 (Minn. 1994) (quoting *State v. Gibson*, 478 N.W.2d 496, 497 (Minn.1991)).

*Id.*

[¶ 9] The Minnesota decision, however, was based on a specific Minnesota statute, which provides:

> Except as provided in subdivisions 2, 3, 4, and 5, and in sections 609.251, 609.585, 609.21, subdivision 1b, 609.2691, 609.486, 609.494, and 609.856, if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

Minn.Stat. § 609.035 subd. 1 (2007). Desjarlais concedes we have no similar statute in North Dakota.

[¶ 10] Neither Desjarlais nor the State has been able to call our attention to a North Dakota statute or caselaw clearly establishing the law on when multiple counts are or are not appropriate in cases such as this. There is no obvious error when a rule of law is not clearly established. *State v. Weaver*, 2002 ND 4, ¶ 17, 638 N.W.2d 30 ("An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law."). We conclude the district court did not commit obvious error affecting Desjarlais's substantial rights.

III

[¶ 11] Desjarlais's other argument regarding the sufficiency of the evidence is without merit, and the district court judgments are affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM F. HODNY, S.J., DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

[¶ 13] The Honorable WILLIAM F. HODNY, Surrogate Judge, sitting in place of KAPSNER, J., disqualified.