Filed 11/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 240

State of North Dakota, Plaintiff and Appellee

v.

Michael Jay Tresenriter, Defendant and Appellant

No. 20120026

State of North Dakota, Plaintiff and Appellee

v.

Michael J. Tresenriter, Defendant and Appellant

Nos. 20120027-20120049 & 20120057

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kathleen K. Trosen, State’s Attorney, P.O. Box 325, Fessenden, N.D. 58438, for plaintiff and appellee.

Julie A. Lawyer (on brief), Assistant Attorney General, P.O. Box 699, Bismarck, N.D. 58502-0699, for plaintiff and appellee.

Thomas M. Jackson, 418 E. Rosser Avenue, Suite 320, Bismarck, N.D. 58501, for defendant and appellant.

State v. Tresenriter

Nos. 20120026-20120049 & 20120057

VandeWalle, Chief Justice.

[¶1] 
Michael Tresenriter appealed from criminal judgments entered upon a jury verdict finding him guilty of 22 counts of conspiracy to manufacture methamphetamine, two counts of unlawful possession of drug paraphernalia, two counts of possession of a controlled substance, one count of manufacture of a controlled substance, one count of terrorizing, one count of child endangerment, and one count of simple assault.  We affirm, concluding Tresenriter failed to properly preserve issues for appeal when he did not timely object to admission of results of a buccal swab DNA test and did not move to consolidate the multiple conspiracy charges into a single conspiracy count.

I

[¶2] Tresenriter was charged with multiple criminal offenses relating to the manufacture of methamphetamine occurring between 2006 and 2009.  The State alleged that Tresenriter engaged in conspiracies with numerous individuals in which the other individuals would purchase items necessary for the manufacture of methamphetamine and provide them to Tresenriter, who would then manufacture the methamphetamine and provide some of the methamphetamine to the person who had supplied ingredients.  In addition to the various drug offenses, Tresenriter was also charged with terrorizing for allegedly threatening another person with a firearm, child endangerment for allegedly providing methamphetamine and marijuana to a minor, and simple assault for allegedly physically attacking another individual.

[¶3] In the course of their investigation, law enforcement officials requested that Tresenriter provide a DNA sample.  When Tresenriter refused, Special Agent Zachmeier obtained a search warrant directing Tresenriter to submit to a buccal swab DNA test.  In a buccal swab test, a sample is obtained from the inside of the subject’s mouth by scraping the cheek with a cotton swab.  
See
 N.D. Admin. Code § 10-17-01-

02(1).  Zachmeier performed the buccal swab test on Tresenriter, and subsequent analysis at the State Crime Laboratory established that Tresenriter’s DNA matched the DNA on a cigarette butt found at the site of a meth lab.

[¶4] Tresenriter filed a pretrial motion to suppress the DNA test results.  The district court denied the motion to suppress, but indicated admissibility of the DNA test results would depend upon the foundation provided at trial.  Tresenriter did not object when the DNA test results were offered into evidence at trial.

[¶5] Numerous witnesses testified they purchased pseudoephedrine and other items used in the manufacture of methamphetamine and provided them to Tresenriter, who then used the material to manufacture methamphetamine and gave some of the methamphetamine to them.  The State also introduced “restricted product sales logs” kept by a local pharmacy which indicated that many of Tresenriter’s alleged co-

conspirators had purchased unusually large amounts of pseudoephedrine during the relevant time period.  The jury found Tresenriter guilty of all of the charges.

II

[¶6] Tresenriter contends that the district court erred in admitting into evidence DNA test results from his buccal swab test because the State failed to present sufficient foundation to establish Special Agent Zachmeier was qualified to administer the test.

[¶7] Tresenriter made a pretrial motion to suppress the DNA test results.  In his written motion and brief supporting the motion, Tresenriter did not challenge Zachmeier’s qualifications to administer the test, but argued only that the cigarette butts tested for DNA were “fruit of the poisonous tree” of an illegal search and that the buccal swab test violated his “dignity and integrity” in contravention of the Fifth Amendment.  Following the hearing on the suppression motion, Tresenriter filed a written summation in which for the first time he alleged Zachmeier was not qualified under N.D.C.C. ch. 31-13 to administer the buccal swab test.  The district court denied the motion, noting that it would not suppress the DNA evidence “at this time,” but that admission of the DNA evidence at trial would depend upon whether proper foundation was established.

[¶8] At trial, Zachmeier testified that in 2001 he had received training in administering buccal swab tests and had subsequently received additional training.  He further testified that he followed the written instructions and procedures included in the buccal swab kit when he performed Tresenriter’s test.  The Director of the State Crime Laboratory testified that she personally trained Zachmeier in 2001 and that the buccal swab collection procedure had not changed between 2001 and the time of trial.  When the State offered the DNA test results into evidence, Tresenriter’s counsel responded that she had no objection to their admission.  On appeal, Tresenriter contends there was not sufficient foundation to admit the DNA results because “the State failed to elicit testimony that the [2001] training met the processes set forth by the State Crime Lab for DNA collection as they currently exist” and “there was no evidence introduced at trial that Agent Zachmeier was ever qualified as an approved person to collect samples after the lab was ASCLD/LAB certified.”

[¶9] A touchstone for an effective appeal on any issue is that the matter was appropriately raised in the district court so the court has an opportunity to intelligently rule on it.  
E.g.
, 
State v. Chacano
, 2012 ND 113, ¶ 6, 817 N.W.2d 369; 
State v. Thompson
, 2010 ND 10, ¶ 13, 777 N.W.2d 617; 
see also
 N.D.R.Ev. 103(a).  Thus, a party who fails to timely object to admission of offered evidence may not challenge its admission on appeal:

A party may not later take advantage of irregularities that occur during a trial unless the party objects at the time they occur, allowing the court to take appropriate action, if possible, to remedy any prejudice that may result.  “‘The initiative is placed on the party, not on the judge,’” to object to offered evidence.  
City of Fargo v. Erickson
, 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring specially) (quoting Charles McCormick, 
McCormick on Evidence
 § 52, at 200-201 (4th ed. 1992)).  A party’s failure to object, therefore, is a waiver upon appeal of any ground of complaint against its admission.

State v. Lee
, 2004 ND 176, ¶ 10, 687 N.W.2d 237 (citation omitted).  In the specific context of a challenge to foundation, this Court has held:

A party must make a specific objection to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it.  A general objection of “lack of foundation” is not sufficient to specifically raise issues which are not apparent from the context. . . .  Accordingly, a party objecting to evidence on the basis of lack of foundation must advise the court and the opposing party precisely what foundation is lacking.

May v. Sprynczynatyk
, 2005 ND 76, ¶ 26, 695 N.W.2d 196.

[¶10] Even if a party has raised an unsuccessful foundational challenge in a pretrial motion, the party must renew the objection when the evidence is offered at trial to preserve the issue for appeal:

Thompson raised a foundation argument in her pretrial motion.  This Court has said in the context of a pretrial motion to exclude evidence, a party must renew an objection at trial so the court can take appropriate action, and the party’s failure to object at trial constitutes a waiver.  The record reflects Thompson did not renew her foundation objection at trial when the complainant testified about the text messages.  By failing to properly object at trial, Thompson failed to preserve this issue for review.  We therefore conclude Thompson failed to properly preserve her argument that the State did not provide proper foundation for the complainant’s testimony about the text messages.

Thompson
, 2010 ND 10, ¶ 19, 777 N.W.2d 617 (citations omitted); 
see also
 
State v. Buchholz
, 2004 ND 77, ¶ 9, 678 N.W.2d 144; 
State v. Anderson
, 2003 ND 30, ¶ 7, 657 N.W.2d 245.

[¶11] In this case, as in 
Thompson
, Tresenriter failed to renew his foundational objection when the evidence was offered at trial, even though the district court in denying the pretrial motion specifically indicated that the foundational challenge could be raised again at trial.  
See
 
Thompson
, 2010 ND 10, ¶¶ 14-15, 19, 777 N.W.2d 617.  In addition, as in 
Lee
, Tresenriter not only failed to object to admission of the evidence at trial, but his counsel explicitly responded that she had no objection to admission of the DNA test results.  
See
 
Lee
, 2004 ND 176, ¶ 12, 687 N.W.2d 237.  We conclude Tresenriter waived any objection to admission of the DNA test results.

[¶12] Although Tresenriter failed to properly preserve the foundational issue for review, under N.D.R.Crim.P. 52(b), this Court may notice obvious errors not raised in the district court.  
E.g.
, 
Thompson
, 2010 ND 10, ¶ 20, 777 N.W.2d 617.  Rule 52(b) provides a narrow exception to the rule that issues may not be raised for the first time on appeal, and we exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice.  
State v. Clark
, 2012 ND 135, ¶ 26, 818 N.W.2d 739; 
State v. Vondal
, 2011 ND 186, ¶ 5, 803 N.W.2d 578.  To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights.  
Clark
, at ¶ 26; 
State v. Blurton
, 2009 ND 144, ¶ 8, 770 N.W.2d 231.  To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law.  
Clark
, at ¶ 26; 
Blurton
, at ¶ 8.  There is no obvious error when an applicable rule of law is not clearly established.  
State v. Desjarlais
, 2008 ND 13, ¶ 10, 744 N.W.2d 529.

[¶13] Tresenriter has not demonstrated on this record that admission of the DNA test results, if erroneous, constituted a clear deviation from an applicable legal rule under current law.  Accordingly, we conclude the district court did not commit obvious error when it admitted the evidence.

III

[¶14] Tresenriter contends that the district court erred by failing to consolidate all of the conspiracy charges into one conspiracy count.

[¶15] The record demonstrates that Tresenriter never made a motion to consolidate the multiple conspiracy charges into a single count, nor did he object to the multiple charges or otherwise raise the issue in the district court.  We generally do not address issues that are raised for the first time on appeal.  
E.g.
, 
Clark
, 2012 ND 135, ¶ 26, 818 N.W.2d 739; 
State v. Mackey
, 2011 ND 203, ¶ 17, 805 N.W.2d 98.

[¶16] Tresenriter contends that, even if he failed to raise the issue in the district court, the court’s failure to consolidate the multiple charges into a single count constituted obvious error.  As we have previously noted, N.D.R.Crim.P. 52(b) provides a narrow exception to the rule that issues may not be raised for the first time on appeal, and we exercise the power to notice obvious error cautiously and only when the defendant has suffered serious injustice.  
Clark
, 2012 ND 135, ¶ 26, 818 N.W.2d 739; 
Vondal
, 2011 ND 186, ¶ 5, 803 N.W.2d 578.  The burden is upon the defendant to demonstrate plain error which affected his substantial rights, and the error must be a clear deviation from an applicable legal rule under current law.  
Clark
, at ¶ 26; 
Blurton
, 2009 ND 144, ¶ 8, 770 N.W.2d 231.  There is no obvious error when an applicable rule of law is not clearly established.  
Desjarlais
, 2008 ND 13, ¶ 10, 744 N.W.2d 529.

[¶17] Tresenriter has not cited a North Dakota statute or caselaw clearly requiring consolidation of offenses under these circumstances.  
See
 
Desjarlais
, 2008 ND 13, ¶ 10, 744 N.W.2d 529.  We conclude the district court did not commit obvious error when it failed to consolidate the conspiracy charges into a single count.

IV

[¶18] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The criminal judgments are affirmed.  

[¶19] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner