Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 74

City of Grafton, Plaintiff and Appellee

v.

William Florian Wosick, Defendant and Appellant

No. 20120360

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Barbara L. Whelan, State’s Attorney, and Kelley Marie Riley Cole, Assistant State’s Attorney, Walsh County Courthouse, 600 Cooper Avenue, 3rd Floor, Grafton, ND 58237, for plaintiff and appellee; submitted on brief.

Michael R. Hoffman, 120 North 3rd Street, Suite 100, P.O. Box 1056, Bismarck, ND 58502-1056, for defendant and appellant.

City of Grafton v. Wosick

No. 20120360

Crothers, Justice.

[¶1] William Florian Wosick appeals a criminal judgment entered after a jury found him guilty of driving under the influence of alcohol.  Wosick argues the district court abused its discretion by admitting a blood analysis report and obvious error occurred because of lack of notice of the charge against him and the improper admission of testimony.  We affirm.  

I

[¶2] Grafton Police Department Officer Michael Gavere conducted a traffic stop of the vehicle Wosick was driving.  After smelling alcohol emanating from the vehicle, Officer Gavere performed field sobriety tests on Wosick.  Officer Gavere arrested Wosick for driving under the influence and transported him to the hospital for a blood draw to test Wosick’s blood for intoxicants.  Wosick was cited for driving a vehicle under the influence of alcohol in violation of N.D.C.C. § 39-08-01.  Wosick waived his initial appearance before the Grafton Municipal Court and requested the case be transferred to the district court for a jury trial. 

[¶3] The trial was held on August 16, 2012.  The district court held a pretrial hearing the morning of the trial.  The district court discussed the jury instructions with both parties, and Wosick did not object.  Wosick moved to suppress the results of his blood test, arguing it was inadmissible under N.D.R.Ev. 707.  Wosick argued the State failed to provide adequate notice as required by N.D.R.Ev. 707(a), though he did admit he received the blood test report.  The district court denied Wosick’s motion. 

[¶4] The State called Officer Gavere, the nurse who performed the blood draw and the forensic scientist who performed the analysis of the blood test.  During testimony, Wosick again objected to admission of the blood test report, which was overruled.  Wosick called an acquaintance who testified she picked him up from the jail the night of the arrest and he did not appear intoxicated.  The jury returned a verdict finding Wosick guilty of “driving a vehicle while under the influence of intoxicating liquor or with an alcohol content of .08% or greater.”  Wosick timely appealed.  

II

[¶5] Wosick argues he was never personally informed of the charge against him and the State should have been limited to proceeding only on the charge of driving under the influence of intoxicating liquor.  Section 39-08-01(1), N.D.C.C., provides, in part:

“1.  A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a.  That person has an alcohol concentration of at least eight one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle. 

b.  That person is under the influence of intoxicating liquor.” 

Wosick argues he lacked notice of being charged with violation of subsection (a).  Subsections (a) and (b) address different conditions.  
State v. Schwab
, 2003 ND 119, ¶ 8, 665 N.W.2d 52.  Subsection (a) is violated by a blood alcohol concentration of .08 percent by weight “without regard to its influence or effect upon the driver.”  
Id.
 (quotation omitted).  Conversely, subsection (b) is violated by driving under the influence of intoxicating liquor “regardless of the driver’s blood alcohol concentration.”  
Id.
 (quotation omitted).  Violations of the subsections may be pled alternatively.  
Id.

[¶6] Wosick argues the State did not properly charge him with violation of subsection (a) and failed to amend its complaint, improper jury instructions were used and the district court should have personally informed him of all the charges.  Wosick did not object to any of these alleged errors during the proceedings.  Failure to object limits the Court’s inquiry on appeal to determine whether the alleged error constitutes obvious error affecting the defendant’s substantial rights.  
State v. Doppler
, 2013 ND 54, ¶ 14, 828 N.W.2d 502.

[¶7] Wosick received adequate notice of the charges against him.  The uniform summons and complaint against Wosick cited N.D.C.C. § 39-08-01 as the relevant statute.  The complaint describes the charge against Wosick as “[d]rove or actual physical control of a motor vehicle while under the influence of alcohol.”  “The primary purpose of the complaint is to inform the defendant of the charge, so the defendant can mount a defense.”  
Schwab
, 2003 ND 119, ¶ 9, 665 N.W.2d 52.  In 
Schwab
, the defendant argued the district court erred by permitting an amendment of the complaint.  
Id.
 at ¶ 4.  We affirmed, holding, “To violate Rule 3(b), NDRCrimP, an amendment to a complaint not only must charge an additional or different offense but also must prejudice the defendant’s substantial rights.”  
Schwab
, at ¶ 9 (quotation omitted).  We explained, “It is clear Schwab anticipated her blood alcohol concentration would be an issue and she prepared for a trial on both driving with a blood alcohol level in excess of .10 and for driving under the influence of intoxicating liquor.”  
Id.
 at ¶ 11.  Thus, we concluded Schwab failed to demonstrate the amendment prejudiced her substantial rights.  
Id.

[¶8] As in 
Schwab
, Wosick anticipated his blood alcohol concentration would be an issue at trial and prepared to defend the case based on such a theory.  The complaint cited N.D.C.C. § 39-08-01, which encompasses both subsections (a) and (b), giving notice of the elements of the offense for which Wosick was convicted.  
See
 
State v. Treis
, 1999 ND 136, ¶ 17, 597 N.W.2d 664.  The evidence shows Wosick had notice of the charge under subsection (a) and prepared accordingly.  At a pretrial conference, the State indicated its intent to call an expert witness to testify regarding the blood test report.  Wosick prepared his defense to address the charge under subsection (a).  In his opening statement, he argued, “Now the elephant in the room in this case is going to be the blood test result.  And according to the blood test result, it was a .14.”  While Wosick argues the district court failed to inform him of the charges against him, his “Acknowledgment of Rights, Waiver of Appearance and Written Plea of Not Guilty to First Offense DUI,” filed on January 11, 2012, acknowledged the charges against him and waived his right to appear personally in court.   

[¶9] Wosick knew his blood alcohol concentration would be an issue at trial and prepared to defend the charge.  His substantial rights were not prejudiced.  Therefore, he cannot demonstrate obvious error.

III

[¶10] Wosick argues the district court abused its discretion by permitting the State to admit the blood analysis report because the State failed to provide written notice of its intent to admit the analytical report under Rule 707(a), N.D.R.Ev., which states:

“If the prosecution intends to introduce an analytical report issued under N.D.C.C. chs. 19-03.1, 19-03.2, 19-03.4, 20.1-13.1, 20.1-15, 39-

06.2, or 39-20 in a criminal trial, it must notify the defendant or the defendant’s attorney in writing of its intent to introduce the report and must also serve a copy of the report on the defendant or the defendant’s attorney at least 30 days before the trial.”

After receipt of the notice, the defendant may object in writing at least fourteen days prior to trial “to the introduction of the report and identify the name or job title of the witness to be produced to testify about the report at trial.”  N.D.R.Ev. 707(b).  If the defendant objects, “the prosecutor must produce the person requested.”  
Id.
  

[¶11] Here, the State served Wosick a copy of the report, but did not notify Wosick in writing of the State’s intent to introduce the report at trial.  Wosick argues this failure to provide notice rendered the blood test report inadmissible and the district court erred by overruling his objections.  “The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion.”  
Doppler
, 2013 ND 54, ¶ 7, 828 N.W.2d 502 (quotation omitted).  “A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law.”  
Id.
 (quotation omitted).  

[¶12] Assuming, without deciding, that Rule 707(a) was violated and the district court erred, we must affirm if the error was harmless.  “Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded.”  N.D.R.Crim.P. 52(a).  “If evidence was admitted in error, this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant’s rights were affected and a different decision would have occurred absent the error.”  
Doppler
, 2013 ND 54, ¶ 21, 828 N.W.2d 502 (quotation omitted). 

[¶13] Wosick is unable to demonstrate any prejudice affecting his substantial rights.  The requirements of Rule 707(a) are intended to protect a criminal defendant’s right to confront witnesses.  
State, ex rel. Madden v. Rustad
, 2012 ND 242, ¶ 18, 823 N.W.2d 767.  It was adopted to address confrontation issues involving the admissibility of analytical reports in North Dakota courts in response to the United States Supreme Court’s holding in 
Melendez-Diaz v. Massachusetts
, 129 S.Ct. 2527 (2009).  
See
 N.D.R.Ev. 707, Explanatory Note and Sources; 
Rustad
, at ¶ 13.  The rule permits a defendant to object to the admission of an analytical report and to require the State to produce at trial witnesses who make testimonial statements in connection with statutory shortcut procedures for admission of analytical reports.  
Rustad
, at ¶ 16. 

[¶14] Here, Wosick cross-examined the forensic scientist who conducted the blood test analysis as well as the nurse who conducted the blood draw.  Wosick did not object to the absence of any other witness connected to the admission of the blood test report.  Prior to trial, Wosick made a motion to suppress the results of the blood test on the basis that admission would violate N.D.R.Ev. 707(a).  The purpose of the rule is not to suppress analytical reports but to ensure a defendant has an opportunity to object and confront witnesses.  
Rustad
, 2012 ND 242, ¶ 18, 823 N.W.2d 767.  Wosick had the opportunity to confront the witnesses and identified no other witness who should have been present at trial.  

[¶15] Given the lack of prejudice to Wosick’s right to confront witnesses, we decline to decide whether N.D.R.Ev. 707(a) was violated by the lack of notice.  To do so would not resolve any remaining controversy.  “We do not render advisory opinions, and we will dismiss an appeal if the issues become moot or so academic that no actual controversy is left to be decided.”  
State v. Hansen
, 2006 ND 139, ¶ 7, 717 N.W.2d 541.  Wosick’s substantial rights were not adversely affected.  Therefore, even if error occurred, it was harmless.    

IV

[¶16] Wosick argues the district court erred by admitting the blood test report without proper foundation.  He argues the State failed to show fair administration of the blood test as required by N.D.C.C. § 39-20-07(5).  Wosick concedes he did not object to foundation at trial.  “A touchstone for an effective appeal on any issue is that the matter was appropriately raised in the district court so the court has an opportunity to intelligently rule on it.”  
State v. Tresenriter
, 2012 ND 240, ¶ 9, 823 N.W.2d 774.  “[A] party who fails to timely object to admission of offered evidence may not challenge its admission on appeal.”  
Id.
  

[¶17] Specifically regarding objections to foundation, we held:

“A party must make a specific objection to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it. . . .  Accordingly, a party objecting to evidence on the basis of lack of foundation must advise the court and the opposing party precisely what foundation is lacking.”

Tresenriter
, 2012 ND 240, ¶ 9, 823 N.W.2d 774 (quotation omitted).  Wosick did not  object to the foundation of the blood test report.  The State had no opportunity to argue the objection nor to attempt to cure the allegedly defective foundation, and the district court did not have an opportunity to appropriately rule on the objection.  The objection to the admission of the blood test report was waived.  
Id.
 at ¶ 11.

[¶18] Although the foundational issue was not preserved for review, this Court may notice obvious error.  “An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court’s attention.”  N.D.R.Crim.P. 52(b).  “Rule 52(b) provides a narrow exception to the rule that issues may not be raised for the first time on appeal, and we exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice.”  
Tresenriter
, 2012 ND 240, ¶ 12, 823 N.W.2d 774.  “To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights.”  
Id.
  “To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law.”  
Id.
  “There is no obvious error when an applicable rule of law is not clearly established.”  
Id.

[¶19] Wosick has not demonstrated that admission of the blood test report constituted a clear deviation from an applicable legal rule under current law.  We conclude the district court did not commit obvious error when it admitted the blood test report.  

V

[¶20] We affirm the district court judgment.  

[¶21] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.