IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 174

State of North Dakota,                                   Plaintiff and Appellee

v.

Shawn Darryll King,                                    Defendant and Appellant

No. 20250101

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. King**
**No. 20250101**

**Crothers, Justice.**

[¶1]   Shawn King appeals from a district court's judgment after a jury found him guilty of one count of terrorizing, a class C felony, under N.D.C.C. § 12.1-17-04(1). King was sentenced to five years, four served, and one year suspended during two years of supervised probation. King claims the court obviously erred by not sua sponte concluding N.D.C.C. § 12.1-17-04 is unconstitutionally vague and overbroad as applied to his conduct and N.D.C.C. §§ 12.1-17-04 and 62.1-04-02 combine to violate his right to lawfully carry a weapon. King fails to show any of his alleged errors were a clear deviation from applicable current law. Therefore, his claims of obvious error fail. We affirm the judgment.

I

[¶2]   In the early morning of September 17, 2024, police officers responded to a report that a man drew his knife and approached a woman in her vehicle at a Fargo gas station. The officers reviewed surveillance video from the store. King was apprehended near the scene, arrested, and searched. King was charged with terrorizing (N.D.C.C. § 12.1-17-04(1)), carrying a concealed weapon (N.D.C.C. § 62.1-04-02), and possession of drug paraphernalia (N.D.C.C. § 19-03.4-03(2)). Before trial the State dismissed the drug paraphernalia charge.

[¶3]   At trial the victim testified King approached her vehicle on bicycle, stopped, threw his bike down, took out his knife, and came at her. She testified King appeared angry, moved quickly, and she was terrified. The State entered into evidence surveillance video of the incident and called three officers to testify. The jury found King guilty of terrorizing and acquitted him of carrying a concealed weapon. King timely appealed.

II

[¶4]   King claims that, as applied to his conduct, N.D.C.C. § 12.1-17-04 is unconstitutionally vague and overbroad and N.D.C.C. §§ 12.1-17-04 and 62.1-04-02 combine to violate his right to lawfully carry a weapon. This Court reviews a

1

challenge to the constitutionality of a law de novo. *City of Fargo v. Roehrich*, 2021 ND 145, ¶ 5, 963 N.W.2d 248.

[¶5] King did not raise the constitutional challenges at the district court, and issues not preserved at the district court are reviewed by this Court for obvious error. *State v. Williams*, 2025 ND 46, ¶ 16, 17 N.W.3d 820. "To establish an obvious error, the defendant must show: (1) error; (2) that is plain; and (3) the error affects the defendant's substantial rights." *State v. Hamilton*, 2023 ND 233, ¶ 10, 999 N.W.2d 214. The second prong requires the defendant to show the error was plain. Plain error is a "clear or obvious deviation from current law." *State v. Landrus*, 2022 ND 107, ¶ 10, 974 N.W.2d 676 (cleaned up). To establish plain error, King must show the statutes are unconstitutional as applied and were applied by the court in a clear deviation from an applicable legal rule under current law. *Hamilton*, ¶ 10.

[¶6] If the alleged errors are not shown by King to be a clear or obvious deviation from the current law, any claimed error is not plain, and no further analysis of the alleged error is required. We have declined to analyze the underlying error in obvious error cases where the alleged error is not plain:

> A plain or obvious error requires a clear deviation from an applicable legal rule under current law. [*State v. *]*Tresenriter*, 2012 ND 240, ¶¶ 12-13, 823 N.W.2d 774 (concluding admission of DNA test results, if erroneous, was not clear deviation from applicable legal rule under current law); *State v. Desjarlais*, 2008 ND 13, ¶ 10, 744 N.W.2d 529 (concluding no obvious error when rule of law for charging multiple counts is not clearly established); *State v. Lee*, 2004 ND 176, ¶¶ 14-17, 687 N.W.2d 237 (concluding error, if any, in admitting 911 tape as excited utterance was not clear deviation from applicable legal rule under current law); *State v. Weaver*, 2002 ND 4, ¶ 20, 638 N.W.2d 30 (concluding instruction mirroring statutory definition of knowingly was not deviation from applicable legal rule under current law); *State v. Miller*, 2001 ND 132, ¶ 28, 631 N.W.2d 587 (concluding defendant failed to establish courtroom configuration for examination of minor victim of gross sexual imposition constituted clear deviation from applicable legal rule under current law).

*State v. Majetic*, 2017 ND 205, ¶ 16, 901 N.W.2d 356.

[¶7]   Determining if the alleged error was plain aligns with our narrow review of obvious error. "We exercise our power to consider obvious error cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Landrus*, 2022 ND 107, ¶ 6. This framework also aligns with core principles of separation of powers and constitutional avoidance. "The separation of powers created by our state and federal constitutions requires courts to exercise judicial restraint and constitutional avoidance." *Overbo v. Overbo*, 2024 ND 233, ¶ 7, 14 N.W.3d 898. This Court "will not consider or decide questions, particularly constitutional questions, that are not necessary to the determination of an appeal." *Nw. Landowners Ass'n v. State*, 2025 ND 147, ¶ 33, 25 N.W.3d 220. "Concepts of judicial restraint and abstention require that courts first consider whether the pending question can be resolved without constitutional analysis." *N.D. Legis. Assembly v. Burgum,* 2018 ND 189, ¶ 84, 916 N.W.2d 83 (Crothers, J., concurring and dissenting).

### III

[¶8]   King claims the district court obviously erred on three issues. He has the burden to show the alleged errors were plain and a clear deviation from an applicable legal rule under current law.

### A

[¶9]   King claims the State's application of N.D.C.C. § 12.1-17-04 is unconstitutionally void for vagueness and allows for arbitrary enforcement of the law. Section 12.1-17-04, N.D.C.C. states:

> A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious disruption or public inconvenience, or in reckless disregard of the risk of causing such terror, disruption, or inconvenience, the person: 1. Threatens to commit any crime of violence or act dangerous to human life.

*Id.* King argues the statute allows for criminalization of his conduct based on an observer's subjective fear, and without requiring a finding of objectively threatening conduct. Our precedents show that threats in terrorizing cases under

3

N.D.C.C. § 12.1-17-04 are examined under both subjective and objective standards. The crime of terrorizing under N.D.C.C. § 12.1-17-04 requires proof of either the defendant's subjective intent to cause fear or reckless disregard of the risk of causing fear, combined with an objective assessment of the threat's impact on a reasonable person in the recipient's position.

[¶10] Section 12.1-17-04, N.D.C.C., explicitly incorporates a subjective element by requiring that the defendant either intend to place another person in fear for their safety or act with reckless disregard of the risk of causing such fear. *Id*. This mens rea requirement is a "critical inquiry [about] whether the defendant intended to place others in fear for their safety." *State v. Laib*, 2005 ND 191, ¶ 8, 705 N.W.2d 815. In *Laib*, the defendant argued threats under N.D.C.C. § 12.1-17-04 must be verbal. *Id*. ¶ 7. This Court disagreed, holding the threat contemplated by N.D.C.C. § 12.1-17-04 need only "be communicated by speech, writing, or act." *Id*. This Court explained:

> [T]he State had to prove: (1) the defendant intended to put the victim in fear for her safety or acted with reckless disregard of the risk of causing her fear; and (2) the defendant made a threat of a "crime of violence or act dangerous to human life." N.D.C.C. § 12.1-17-04; [*State v.*] *Carlson*, 1997 ND 7, ¶ 36, 559 N.W.2d 802. "The critical inquiry is whether the defendant intended to place others in fear for their safety. *Carlson*, ¶ 20."

*Laib*, ¶ 8 (cleaned up). While the defendant's subjective intent is one element, we also apply an objective standard to evaluate whether the communication constitutes a true threat. *State v. Brossart*, 2015 ND 1, ¶ 19, 858 N.W.2d 275. In *Brossart*, we reversed a conviction for terrorizing after holding the district court erred by not requiring the jury to assess the threat based on "the perspective of a reasonable person in the recipient's position." *Id*. ¶ 20 ("Brossart was entitled to an instruction defining 'threat' and instructing the jury to consider the facts and circumstances from the perspective of a reasonable person in the recipient's position."). In *State v. Johnson*, the defendant's conviction was affirmed after "Johnson's instruction on the definition of a threat or threatening required the jury to consider Johnson's conduct from the perspective of a reasonable person in the recipient's position and is consistent with our prior cases." 2021 ND 161,

¶ 13, 964 N.W.2d 500; *see also State v. Dahl*, 2009 ND 204, ¶ 7, 776 N.W.2d 37 ("This Court has suggested that, when considering the sufficiency of the evidence in a harassment case, we consider the 'reasonable recipient,' rather than the 'reasonable speaker.'"). Our dual focus on subjective intent and objective impact reflects a balance between protecting individuals from true or genuine threats and safeguarding free speech. *Brossart*, ¶ 20 ("The district court did not give the jury any instructions explaining what constitutes a threat and that communications that are not a 'true threat' are protected speech.").

[¶11] King argues the jury could not determine his intent in carrying his weapon. "Whether a communication constitutes a threat presents a question for the jury." *Johnson*, 2021 ND 161, ¶ 10. Further, asking the factfinder to infer the underlying intent of an action is commonplace. *See, e.g.*, *State v. Friesz*, 2017 ND 177, ¶ 45, 898 N.W.2d 688 ("The jury could infer from the evidence that, by setting the fire, Friesz also had the requisite intent to destroy at least part of the building."). Therefore, King fails to show the district court's application of N.D.C.C. § 12.1-17-04 was a clear deviation from an applicable legal rule under current law, and he fails to show any error would be plain. Thus, his claim of obvious error fails.

B

[¶12] King claims the district court obviously erred by not concluding sua sponte that N.D.C.C. § 12.1-17-04 "as applied to Mr. King criminalizes a substantial amount of constitutionally protected conduct in violation of the overbreadth doctrine."

[¶13] Here, King fails to cite any authority applying overbreadth doctrine in an as-applied Second Amendment challenge. *See Massachusetts v. Oakes*, 491 U.S. 576, 581-82 (explaining the "doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others" in contrast to an "as applied" challenge, which is a "narrower and alternative ground"); *United States v. Adams*, 914 F.3d 602, 607 (8th Cir. 2019) (rejecting application of overbreadth doctrine in as-

5

applied Second Amendment challenge). Therefore, any error would not be plain, and King's claim of obvious error fails.

IV

[¶14] King fails to show any of his alleged errors were a clear deviation from an applicable legal rule under current law. Therefore, his claims of obvious error fail. We affirm the judgment.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr