**STATE of Iowa, Appellee,**

v.

**Roy Earl MATEER, Appellant.**

No. 85–180.

Supreme Court of Iowa.

March 19, 1986.

**534**

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth Ciebell, Asst. Atty. Gen., and Gary Kimes, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Defendant Roy Earl Mateer appeals from his conviction by jury and sentence for indecent contact with a child in violation of Iowa Code section 709.12 (1983). Defendant contends that the trial court erred in admitting over his objection certain hearsay testimony and in refusing to submit his proposed instruction that assault is a lesser included offense of the charged offense, indecent contact with a child. He also contends that the sentencing court erred in basing its sentence on matters which

should not have been considered. We affirm.

The incident which gave rise to this criminal charge occurred around midday on June 9, 1984, when the thirteen-year-old complainant, a fourteen-year-old girlfriend, and the defendant were together in a bedroom at the home of defendant's mother. The complainant testified that she was lying down on a bed when defendant entered the room, laid on top of her, and touched her breasts and her pubic area. The defendant denied making or intending to make any indecent contact with the victim, testifying that the complainant had grabbed his arm and pulled him down on top of her.

I. *The Hearsay Issue.*

Defendant's first assignment of error challenges an evidentiary ruling. During the testimony of a police officer who had investigated the incident about one hour after it occurred, the trial court overruled defendant's hearsay objection and allowed the officer to relate what the complainant and her girlfriend had said to him when he arrived at the scene. The officer prefaced his testimony about what they told him by describing their agitated emotional condition while he was with them. He then related what they told him—that defendant "laid on top" of complainant, "put his hand upon her breasts," and also touched "between her thighs up into her pubic area."

Defendant contends that the trial court should have sustained his hearsay objection, while the State defends admission of this testimony on several grounds. We conclude that the officer's testimony about what he was told by the girls was admissible under the excited utterance exception to the hearsay rule.

■ Iowa Rule of Evidence 803(2) excepts from the hearsay rule "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The 1983 Iowa committee comment to that rule noted that our court had already adopted that definition, the same

as Federal Rule of Evidence 803(2), in *State v. Ogilvie,* 310 N.W.2d 192, 196 (Iowa 1981). This exception applies generally to statements made under the influence of the excitement of an incident, rather than on reflection or deliberation. *State v. Stevens,* 289 N.W.2d 592, 596 (Iowa 1980). A declarant's participation in the incident is not required; "a non-participant may be moved to describe what he perceives, and one may be startled by an event in which he is not an actor." Fed.R.Evid. 803(2) advisory committee note; *see* Slough, *Spontaneous Statements and State of Mind,* 46 Iowa L.Rev. 224, 242–43 (1961). The admission of hearsay under this exception lies largely within the discretion of the trial court, which must initially determine whether the out-of-court statements were induced by the excitement caused by the startling event which is being described. *Ogilvie,* 310 N.W.2d at 196; *State v. Paulsen,* 265 N.W.2d 581, 586 (Iowa 1978).

█ Defendant argues that the statements of the two declarants here cannot be considered to be spontaneous or impulsive reactions to the incident they were describing, because an hour or more elapsed between the time of the incident and the time when they told the officer what had happened. The time lapse of approximately one hour here, however, was no greater than that in previous cases where we have upheld the admission of excited utterances. *State v. Galvan,* 297 N.W.2d 344, 346 (Iowa 1980) (two days); *Stevens,* 289 N.W.2d at 593 (about an hour); *Paulsen,* 265 N.W.2d at 586 (two hours); *State v. Stafford,* 237 Iowa 780, 785–87, 23 N.W.2d 832, 835–36 (1946) (fourteen hours). Moreover, lapse of time is only one of several relevant factors for the trial court to consider in determining the spontaneity of declarants' out-of-court statements. *See Paulsen,* 265 N.W.2d at 586. Other factors properly to be considered include the extent to which questioning elicited statements that otherwise would not have been volunteered, the age and condition of the declarant, the characteristics of the event being described, and the subject matter of the statements. *United States v.*

*Iron Shell,* 633 F.2d 77, 85–86 (8th Cir. 1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). Considering those factors in this case, we conclude that the trial court did not abuse its discretion in determining that the two girls' descriptions of this incident were admissible as excited utterances.

█ Immediately upon leaving the bedroom where the incident occurred, the two girls ran to the home of a neighbor to phone the police. When the officer arrived at the scene he was met by "three hysterical girls" who had "tears in their eyes." The girls

> were trying to explain to us what had taken place, but they were having some difficulty because they were upset over what had taken place prior to [the police officer's] arrival.... They were so upset that we had to wait until they could calm down....

The record does not clearly show just what questions the officer asked while the girls made the hearsay statements which the trial court admitted in evidence. It seems clear, however, that the officer's questions merely anticipated excited descriptions of the incident which the complainant and her girlfriend were bound to volunteer to the officer in any event. Pertinent here is a comment in an early Iowa case concerning the effect of questioning on the voluntary nature of a declarant's statements:

> Where the circumstances indicate that but for the questioning there would probably have been no voluntary complaint, the answer is inadmissible. But, when the question merely anticipates a statement which the complainant is about to make, it is not rendered inadmissible by the fact that the questioner happened to speak first.

*State v. McGhuey,* 153 Iowa 308, 314, 133 N.W. 678, 681 (1911), *quoted in State v. Grady,* 183 N.W.2d 707, 714 (1971).

The defendant also seizes upon the police officer's comment that he "had to wait until they could calm down" in arguing that the girls' resulting calm demeanor is

entirely inconsistent with spontaneity. Defendant cites *State v. Brown,* 341 N.W.2d 10 (Iowa 1983), but the facts here are plainly different from those in *Brown.* There, the declarant was a five year old boy who was not allowed to testify at trial and who had with some deliberate and considered reflection selected a photo of the defendant from a photographic line up. In *Brown,* the State conceded that the excited utterance exception was inapplicable because spontaneity was lacking. *Id.* at 13. In contrast, the record here shows that the two girls, while in the process of calming down in order to speak intelligibly and be understood, were still describing the incident while under its stress. The facts in this case mirror those in several cases in which declarants' statements were deemed admissible as excited utterances even though declarants, while agitated, were able to act rationally and function in a relatively normal manner. *See Ogilvie,* 310 N.W.2d at 195 (victim phoned grandmother, police, and mother prior to giving statement); *State v. Knupp,* 310 N.W.2d 179, 181 (Iowa 1981) (victim phoned baby-sitter, attempted to phone husband, called the police, and made statements after being taken to a hospital); *Galvan,* 297 N.W.2d at 347 (assertive conduct of child two days after incident).

The trial court could reasonably find that the descriptions of the incident reported to the police officer by the complainant and her girlfriend were impulsive rather than reflective and were the product of stress resulting from the incident itself. We find no abuse of discretion in the admission of these statements which possessed sufficient spontaneity to establish a circumstantial guarantee of trustworthiness. *See Stevens,* 289 N.W.2d at 596.

## II. *Was Assault a Lesser Included Offense?*

Defendant assigns as error the trial court's refusal to instruct the jury that assault is a lesser included offense of indecent contact with a child.

■ Iowa Rule of Criminal Procedure 6(3) requires the trial court to instruct the jury on the charged offense and all lesser included offenses, and rule 21(3) provides that "[i]n all cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which the defendant is charged." Therefore, "[u]pon prosecution for a public offense, the defendant may be convicted of either the public offense charged or an included offense." Iowa R.Crim.P. 6(2); Iowa Code § 701.9 (1983).

We have developed both a factual and a legal test for trial courts to apply in determining what lesser offenses fall under each charged offense. *State v. Lampman,* 345 N.W.2d 142, 143 (Iowa 1984); *State v. Sangster,* 299 N.W.2d 661, 663 (Iowa 1980). Both tests must be satisfied before a defendant is entitled to an instruction on each proposed lesser included offense. *Id.*

> The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offenses. Thus the lesser offense is necessarily included in the greater offense if the greater offense cannot be committed without also committing the lesser. Conversely, if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater.
>
> The factual test requires the court to determine whether there is a sufficient factual basis in the record for submitting the included offense.

*Lampman,* 345 N.W.2d at 143 (citations omitted).

Applying these well-established principles to the present case, we conclude the district court correctly denied defendant's request to submit assault as a lesser included offense of indecent contact with a child. Assault contains an element not required for conviction of indecent contact, therefore assault does not meet the legal test.

Iowa Code section 709.12 contains several alternative definitions for the offense of indecent contact with a child, all of which

adopt the definition of "child" in section 702.5, "any person under the age of fourteen years." The only definition relevant to the selection of lesser included offenses in this case was that definition which fit the offense charged in the trial information. *Sangster,* 299 N.W.2d at 663; *State v. Young,* 293 N.W.2d 5, 7 (Iowa 1980). Here the defendant was charged with the crime defined in subsections (1) and (2) of Iowa Code section 709.12. The elements of that version of indecent contact with a child are:

(1) fondling or touching the child's inner thigh, groin, buttock, anus, or breast; or touching the clothing covering the immediate area of those body parts;

(2) by a person eighteen years of age or older;

(3) who is not married to the child;

(4) for the purpose of arousing or satisfying the sexual desires of either of them.

The elements of the crime of assault as defined in Iowa Code section 708.1(1) (1983), are:

(1) the commission of an act;

(2) intended to cause pain or injury to, or which is intended to result in physical contact;

(3) which will be insulting or offensive to another, or which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive; and

(4) coupled with the apparent ability to execute the act.

Assault does not fit the indecent-contact mold. The third element of assault—that the intended physical contact must be painful, injurious, insulting or offensive to the victim—is not an element of indecent contact with a child. A consenting child may be the victim of the primary offense even though the physical contact was not painful, injurious, insulting or offensive to the victim and therefore not by definition an assault. Defendant has cited neither legal authority nor persuasive rationale for his contention that the acts made criminal by section 709.12 are necessarily painful, inju-

rious, insulting or offensive as a matter of law. Assault fails the elements test. *Cf. Lampman,* 345 N.W.2d at 145 (assault not a lesser included offense of second-degree sexual abuse); *State v. Tague,* 310 N.W.2d 209, 213 (Iowa 1981) (same re: third-degree sexual abuse).

The trial court correctly determined that assault was not a lesser included offense of indecent contact with a child; the crime of assault contained an element not shared with the crime of indecent contact with a child.

### III. *Sentencing Considerations.*

Defendant was sentenced to a term of incarceration not to exceed two years for conviction of this aggravated misdemeanor. The sentence was within the range of sentences allowed by the applicable statutes. *See* Iowa Code §§ 709.12, 903.1(1) (1983). Defendant contends that the sentencing court improperly based its sentence on two matters which should not have been considered: (1) an unproven charge on an unrelated incident; and (2) the court's belief that a higher crime than indecent contact could have been charged for the incident on which sentence was being imposed. Defendant does not contend the sentencing court abused its discretion to select an appropriate sentence based on matter properly before it; he contends the court impermissibly considered crimes which were not charged or proved. *See State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983) (distinguishing cases involving abuse of sentencing discretion from cases involving consideration of impermissible factors).

On the first matter the record shows that during the sentencing proceeding a police officer testified that on the day prior to sentencing he had seen defendant driving a motor vehicle, determined that defendant's driver's license had been suspended, and planned to file a criminal charge against him. Defendant relies on our cases which have stated that allegations concerning an unprosecuted charge may not be a basis for enhanced punishment unless the facts before the court show the commission of

such offense. *See, e.g., State v. Black*, 324 N.W.2d 313, 315–16 (Iowa 1982); *State v. Hagemeier*, 310 N.W.2d 218, 219 (Iowa 1981). Defendant's reliance on those cases is misplaced.

First, defendant has not shown that the sentencing court enhanced the punishment because of the police officer's testimony. The trial court complied with Iowa Rule of Criminal Procedure 22(3)(d) by stating on the record its reasons for the sentence selected. When the court gave as one reason the defendant's lack of respect for the law, it made pointed reference to a long record of previous misdemeanor convictions which were listed in the presentence investigation report. The sentencing court never mentioned or referred to the police officer's testimony. Moreover, the police officer did not testify that he had charged defendant with any offense at the time of sentencing, but he testified he had actually observed defendant driving and knew from his investigation that defendant's license was then under suspension. Had the court considered that incident, it would have been considering factual testimony, not the bare allegation of an unproved criminal charge.

Defendant's second assignment of error in connection with sentencing concerns a different reason which the trial court gave for imposing this sentence:

> [T]he court finds that the defendant did commit a serious assault on a young child ... which would have been the basis for a more serious charge, at least one or two more serious crimes could have been charged against him....

Implicit in the court's expressed reason was its finding that the prosecution had proved at trial not just defendant's commission of the charged misdemeanor offense but also the felony offense of lascivious acts with a child. *See* Iowa Code § 709.8 (1983). The sentencing court had been present throughout the trial. Evidence presented by the prosecution supported the trial court's finding. Our cases support its consideration of the fact-based higher offense in sentencing defendant for convic-

tion of the lower. *See State v. Erickson*, 362 N.W.2d 528, 533 (Iowa 1985) (sentencing court may consider uncharged crimes established by the evidence); *Wright*, 340 N.W.2d at 594 (facts before court showed defendant actually guilty of uncharged crime carrying greater sanction).

This is not a case like *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981), where the sentencing court had no factual basis for relying on unproven and unprosecuted charges. Neither is this case like *State v. Thompson*, 275 N.W.2d 370, 371–72 (Iowa 1979), where we vacated the sentence because the court considered an unproved felony charge after the defendant pleaded guilty to a reduced misdemeanor offense. In *Thompson*, however, we explained:

> A sentencing court *may*, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved *if* the facts before the court show the accused committed the higher crime or the defendant admits it—whether or not the prosecutor originally charged the higher crime. This is part of making the punishment fit the crime.

*Id.* at 372 (emphasis in original). This is just such a case. Evidence in this record supported the sentencing court's finding and consideration of the fact that defendant's attack on his victim would have been the basis for a more serious charge.

We find no merit in defendant's several assignments of error.

AFFIRMED.