STATE of Iowa, Appellee,

v.

Thap HY, Appellant.

No. 89–770.

Court of Appeals of Iowa.

April 24, 1990.

Mary Jane Sokolovske of Green, Faith & Hendrickson, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas Mullin, County Atty., and John D. Doran, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

Defendant Thap Hy appeals his conviction, following a jury trial, for sexual abuse in the second degree. We affirm.

On January 19, 1989, Kiu Chieng, left her four-year-old daughter, P.L., in defendant's care while she was working at I.B.P. Shortly after 3:00 p.m., Kiu went to open the family's market store. Defendant arrived at the store with Kiu's children and stayed approximately ten to fifteen minutes, long enough to eat an orange. During that time P.L. remained silent. As soon as defendant exited the store, P.L. told Kiu that her "uncle ham-sop her."[1] P.L. also stated to Kiu that she felt pain when urinating. Kiu's examination of P.L. revealed redness in the genital area.

P.L.'s father, Boa La, was away on business until approximately 1:00 a.m. on January 20, 1989. As a result, Kiu did not have a chance to inform him of P.L.'s disclosure before she left to work at 5:00 a.m. on the 20th. Boa got up at 7:00 a.m. and took the children with him to the store at approximately 7:30 to 8:30. Shortly after their arrival, P.L. informed her father that "uncle" had taken her pants off and taken her to bed. The child also pointed to her genitals at that time. A subsequent medical examination of P.L., done on the afternoon of the 20th, revealed a tear in her hymenal ring and bruises on the perineum.

The physician who conducted the examination of P.L., Dr. Coriden, testified that P.L.'s injuries appeared to have occurred within forty-eight hours of the examination. Dr. Coriden further testified the injuries to P.L. were caused by a blunt, semi-soft object and that an erect penis would be consistent with the type of object causing the injuries to P.L. The jury returned a verdict of guilty to the charge of sexual abuse in the second degree.

I.

Defendant raises a number of issues on appeal. Our review is on assigned errors of law. Iowa R.App.P. 4. Defendant first argues that the trial court erred in admitting P.L.'s statements to Kiu and Boa under the excited utterance exception to the hearsay rule.

Iowa Rules of Evidence 801(c) defines "hearsay" to be "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible under rule 802, Iowa R.Evid., "except as provided by the Constitution of the State of Iowa, by statute, by these rules, or by other rules of the Iowa Supreme Court."

■ Under the excited utterance exception, excepted from the hearsay rule is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Iowa R.Evid. 803(2). The admission of hearsay under the exception falls significantly within the trial court's discretion. *See State v. Mateer*, 383 N.W.2d 533, 535 (Iowa 1986). The initial determination to be made by the trial court concerns whether the hearsay statements were brought about by the excitement produced by the startling event or condition which is being described. *Id.*

■ Defendant argues that the passage of time between the sexual assault and P.L.'s statements precludes the statements from having the requisite spontaneity.

---

**1.** The interpreter at trial testified that "ham-sop," which is phonetically spelled here, means sex or intercourse in the Cantonese dialect of the Chinese language.

The lapse of time, however, is only one of several relevant factors which the trial court must weigh in ascertaining the spontaneity of the hearsay statements. *See id.* As this court noted in *State v. Watts*, 441 N.W.2d 395, 398 (Iowa App.1989):

> To determine if a statement is spontaneous, the trial court must consider the circumstances under which the statements were made. Relevant factors include the nature of the startling event, whether the use of questions led to statements which otherwise would not have been made, the age and condition of the declarant, the subject matter of the statements used, and the lapse of time. No one factor is conclusive on whether a statement is admissible.

*Id.* (citations omitted). After considering these factors, we conclude the trial court did not abuse its discretion in admitting P.L.'s hearsay statements under the excited utterance exception.

▪ P.L. was only four years old at the time of the statements. The event which produced the statements was a sexual assault with accompanying physical injuries. P.L. made her statement to Kiu shortly after defendant left the store. Similarly, P.L. told her father of the assault early on the morning of January 20th, the day he returned from his business trip. It is evident from these facts that P.L. informed her parents of the assault as soon as practicably possible. As previously stated, we conclude that P.L.'s statements were admissible under the excited utterance exception to the hearsay rule.

### II.

▪ Defendant next asserts the trial court erred in permitting testimony explaining the meaning of the term "hamsop." Iowa Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether in fact P.L. had engaged in a sex act with defendant was one of two crucial issues in the case. The child's

statement that this event had indeed transpired obviously was relevant. The translation merely permitted the jury to understand P.L.'s statement. We find no abuse of discretion on the part of the trial court in permitting the translation.

### III.

▪ Defendant also argues the trial court erred in finding that venue had been sufficiently established. The State has the burden of proving venue by a preponderance of the evidence. *State v. Allen*, 293 N.W.2d 16, 19–20 (Iowa 1980). A trial court's finding of venue will be upheld if supported by substantial evidence. *Id.* at 21. Evidence is deemed to be substantial when a reasonable mind would accept it as adequate to reach a conclusion. *See State v. Robinson*, 288 N.W.2d 337, 338 (Iowa 1980). Upon our review of the record, we conclude substantial evidence exists that the crime occurred in Woodbury County.

▪ Defendant resided in the La home as a boarder. The La house was located in Sioux City, Woodbury County, Iowa. Kiu left P.L. in defendant's care at this address. Additionally, in P.L.'s statement to Boa, P.L. said defendant took her "to the bed." This would indicate that the sexual assault transpired in the La house.

### IV.

We next take up defendant's claim that the trial court erred in its instructions to the jury concerning what constitutes a sex act. We find defendant's argument on this point to be without merit. Iowa Code section 702.17 defines a "sex act" or "sexual activity" to be:

> any sexual contact between two or more persons, by penetration of the penis into the vagina or anus, by contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

Jury instruction No. 12 provided:

> "Sex Act" means:

**612**

(a) Penetration of the penis into the vagina, or

(b) Contact between the genitals of one person and the genitals of another person, or

(c) The use of an artificial sexual organ or a substitute for a sexual organ in contact with the genitals of another person.

 We note initially that a court is not required to word an instruction in a particular way. *See State v. Morrison,* 368 N.W.2d 173, 175 (Iowa 1985). Instructions must state the law applicable to the matter to be determined. *See State v. Mumford,* 338 N.W.2d 366, 370 (Iowa 1983). Defendant contends the trial court erred in instructing as to part (a) of instruction 12 because of a lack of evidence that such act transpired.

 Dr. Coriden testified to a laceration in P.L.'s hymenal ring which had been caused by pressure from a blunt, semi-soft object consistent with an erect penis. Additionally, P.L.'s statements to her mother concerned "sex or intercourse." The mere fact that Dr. Coriden ventured to conclude that there was no penetration does not mean that the jury could not conclude otherwise. We determine the trial court properly instructed the jury, in light of the evidence, as to what constituted a "sex act."

### V.

 Finally, we consider defendant's argument that the evidence was insufficient to support a determination of guilt. Our standard of review is well settled. We will uphold a verdict if there is substantial evidence to support the charge. *State v. LaGear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence is that evidence which would convince a rational trier of fact that defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* We view the evidence in the light most favorable to the verdict, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

We consider all evidence at trial, not just the evidence that supports the verdict. *Robinson,* 288 N.W.2d at 340. Applying the aforementioned principles to the case at bar, we find there is substantial evidence to support defendant's conviction of second-degree sexual abuse.

AFFIRMED.