**STATE of Iowa, Appellee,**

v.

**Judy Bennett AUGUSTINE, Appellant.**

**No. 88–1572.**

Court of Appeals of Iowa.

May 24, 1990.

Raymond Rogers, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and J. Patrick White, Co. Atty., for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

On appeal from her conviction for the reckless use of fire, Iowa Code § 712.5, defendant argues the district court erred in 1) admitting highly prejudicial hearsay evidence during trial; and 2) overruling her motion for a verdict of acquittal. We affirm.

From the evidence at trial, the jury could have found the following facts: On October 10, 1987, defendant's mobile home caught fire. At the time of the fire, defendant, her husband, her stepdaughter, Tammy Augustine Boltz, and her granddaughter, Melody, were in the residence.

When the fire was discovered, defendant's stepdaughter, Tammy, went to the nearby mobile home of Mary Schmadeke and sought to use the phone. Ms. Schmadeke testified Tammy was screaming and frantic. A tape recording of a call received at 10:49 p.m. by the police department was played to the jury. The call to "911" reveals an excited exchange in which a woman reports a fire and states "the fucking bitch" had set the trailer on fire.

Ms. Schmadeke further testified that as she watched the fire, she saw Tammy screaming at an older woman saying, "I can't believe you set it on fire." Ms. Schmadeke stated Tammy called the woman a bitch and asked if she was crazy or something like that. The older woman then replied, "Yeah, that's right, I did it." While Ms. Schmadeke did not know the older woman by name, she did testify she remembered seeing her at the trailer that was on fire previous to the night of the fire. Ms. Schmadeke stated the older woman's speech was slurred, she was not walking straight, and she appeared drunk.

A second call was placed to "911" thirty-one minutes later at 11:20 p.m. Identifying herself as Tammy Augustine, the caller told the dispatcher her father's "fucking bitch wife" had started the fire in the trailer and that the caller was there and watched her do it. A recording of the phone call then reveals a lapse of time occurred in the conversation. The lapse was alternatively silent and quite noisy with unintelligible noise and background conversations. The caller then continued conversing with the dispatcher and retracted her statement and said, "I guess I was

mistaken. I guess she didn't start it; she was asleep."

Upon his arrival at the scene, Fire Marshall Kinney found defendant appeared to be intoxicated. At the scene of the fire, Tammy Augustine told Fire Marshall Kinney and Detective Widmer that she could save them a lot of time and stated, "Look over in this area, and that's where the bitch set the fire." Detective Widmer testified Tammy had told him defendant said to her husband, "I fixed you as I set the trailer on fire." Other evidence at trial indicated the Augustine family had been arguing on the night of the fire, defendant had consumed approximately seven beers that evening, and defendant had retired to her bedroom for "a smoke" before going to bed.

After examining the burn patterns in the home, Fire Marshall Kinney concluded the fire had originated in a bedroom and was not caused by a defect in wiring. It was the opinion of the fire marshall that the fire in the mobile home was not accidental in nature and had been set.

I. *Hearsay.* Defendant contends Tammy's second call to "911" and her subsequent statements to Ms. Schmadeke, Fire Marshall Kinney, and Detective Widmer were inadmissible out-of-court declarations, and their admission was a prejudicial abuse of discretion. At trial, Tammy's testimony did not implicate her stepmother. Tammy expressed resentment at being compelled to testify because of her concern for her family, especially her father. Ms. Schmadeke, Fire Marshall Kinney, and Detective Widmer were allowed to testify as to Tammy's statements made on the night of the fire which did incriminate defendant.[1]

■ Iowa Rule of Evidence 803(2) excepts from the hearsay rule "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." This exception applies generally to statements made under the influence of the excitement of an incident, rather

---

1. We reject the State's argument that defendant did not properly preserve her objections to the admission of the statements. With the exception of Detective Widmer's testimony regarding what defendant allegedly said to her husband about setting the fire, defendant raised hearsay objections to all of the disputed evidence.

than on reflection, fabrication, or deliberation. *See State v. Mateer,* 383 N.W.2d 533, 535 (Iowa 1986); *State v. Watts,* 441 N.W.2d 395, 398 (Iowa App.1989). The admission of hearsay under this exception lies largely within the discretion of the trial court. *Mateer,* 383 N.W.2d at 535.

A lapse of time between a startling event and an excited utterance does not necessarily foreclose admission of the statement. *See Mateer,* 383 N.W.2d at 535 (cases listed in which time spans from one to fourteen hours did not preclude admission of excited utterances). The record in this case reveals Tammy's statements were made within approximately one and one-half hours of discovery of the fire and the arrival of the fire officials on the scene. She was understandably excited and outraged at defendant, who she claimed had set the fire. We cannot find the trial court abused its discretion in admitting statements Tammy made on the night of the fire.

Even assuming Tammy's statements subsequent to the first call to "911" did not fall within the excited utterance exception to the hearsay rule, their admission was not prejudicial. *See State v. Whitfield,* 315 N.W.2d 753, 755 (Iowa 1982) (when the same evidence is already in record, hearsay not prejudicial). When asked what she said when she first called "911," Tammy testified she had said "Judy [defendant] set the trailer on fire." She also testified she told officials investigating the fire that the fire started in the bedroom closet. In light of Tammy's first call to "911" and her testimony at trial, any error in allowing others to testify to statements she made subsequent to the first call was cumulative in nature and not prejudicial.

II. *Sufficiency of the Evidence.* Defendant claims her motions for judgment of acquittal should have been granted as the evidence was insufficient to convict her. We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Wheeler,* 403 N.W.2d 58, 60 (Iowa App.1987). The standards governing a challenge to the sufficiency of the evidence are well established:

> When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." It is necessary to consider all the evidence in the record and not just the evidence supporting the verdict to determine whether there is substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational factfinder that the defendant is guilty beyond a reasonable doubt.

*Id.* (citations omitted).

Viewing the evidence in the light most favorable to the State, sufficient evidence existed to support the jury's verdict.

The evidence revealed the fire had been set and defendant was in the trailer bedroom where the fire originated. Defendant was intoxicated on the night of the fire, and Ms. Schmadeke heard a drunk older woman admit to setting the fire on the night it occurred. Furthermore, Tammy's statements on the night of the fire indicated defendant had set the fire and Tammy had in fact seen her do it.

From our review of the record, we find there was sufficient evidence from which a rational fact finder could find defendant guilty beyond a reasonable doubt.

AFFIRMED.