# IN THE COURT OF APPEALS OF IOWA

No. 18-0549
Filed February 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENT E. WALKER, SR.,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

Kent Walker appeals his conviction of assault with intent to commit sexual abuse causing bodily injury.  **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Kent Walker was convicted of assault with intent to commit sexual abuse causing bodily injury, in violation of Iowa Code section 709.11(2) (2017). In this direct appeal, Walker contends his constitutional right to confront and cross-examine his accuser was violated when the accuser did not testify at trial and the district court admitted the entirety of a 911 call into evidence over Walker's objection. Walker also challenges several evidentiary rulings in which the district court overruled Walker's hearsay objections to police-officer testimony regarding statements made by the accuser.

On the day in question, the Scott County Emergency Communications Center received a 911 phone call from a cell phone belonging to A.G. The phone call was an open-line call. An open-line call is one in which the dispatcher does not speak with the caller or is unable to speak with the caller, but the line remains open. In this case, the dispatcher was able to hear what was occurring in the background. She heard two voices—a male and female voice. The dispatcher testified she heard the woman screaming and saying "get off of me." She testified she heard the man "saying something about trying to take her pants off or take off your pants." Because the phone call originated from a cellular phone, the dispatcher was able to use the phone's GPS function to determine the location from which the call was made.

Davenport police responded to the emergency call. While driving near the GPS location of the phone, Officer Matthew Johnson heard a woman "yelling help me, over here." A.G. emerged from the tree line and approached the vehicle. A.G. told Officer Johnson that Walker had tried to rape her. At approximately the same

time, Officer Ryan Bowers arrived on the scene, and Walker emerged from the tree line. Officer Johnson went to speak with Walker about what had occurred. According to Officer Johnson, Walker's statements regarding events were inconsistent. While Officer Johnson spoke with Walker, Officer Bowers attempted to take A.G.'s statement. Initially, Bowers was unable to understand A.G. because she was too distraught to speak coherently. Bowers encouraged A.G. to breathe deeply. After several minutes, A.G. was able to speak more clearly, and Bowers began to ask questions. Based on the information obtained, the officers arrested Walker.

At trial, Walker objected to the admission of the 911 call on the basis that it was testimonial evidence that violated Walker's constitutional right to confrontation. The court admitted the recording over Walker's objections. At trial, Officers Johnson and Bowers testified as to statements A.G. made to them when they responded to the scene. Walker objected, arguing the testimony was inadmissible hearsay. The court overruled those objections, finding the testimony was admissible under the excited utterance exception to the rule against hearsay. A.G. did not testify at trial. Walker timely filed this appeal.

Walker's first claim of error is the district court admitted into evidence the recording of the 911 call in violation of his constitutional right to confront and cross-examine the witnesses against him. The court reviews confrontation claims de novo. *See State v. Bentley*, 739 N.W.2d 296, 297 (Iowa 2007).

"Both the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution preserve an accused's right 'to be confronted with the witnesses against him.'" *In re J.C.*, 877 N.W.2d 447, 452 (Iowa 2016).

The Confrontation Clause has been interpreted to bar the "admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). In *Davis v. Washington*, the Supreme Court distinguished testimonial statements from non-testimonial statements:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

547 U.S. 813, 822 (2006).

Walker argues the 911 call is testimonial in nature and the district court should have excluded the same. We disagree.

Generally, 911 calls are not testimonial statements. This is because "a 911 call[] is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." *Id.* at 827; *accord United States v. Mitchell*, 726 F. App'x. 498, 502 (8th Cir. 2018) ("Because the 911 call was made to enable police to identify and apprehend an armed, threatening individual, the caller's statements were not testimonial in nature and thus did not implicate the Confrontation Clause."); *State v. Williams*, No. 16-1815, 2017 WL 6033874, at *2 (Iowa Ct. App. Dec. 6, 2017) (finding a 911 call was not testimonial because its primary purpose "was to enable the police to meet an ongoing emergency"); *State v. Moore*, No. 10-1283, 2012 WL 3194116, at *2 (Iowa

Ct. App. Aug. 8, 2012) ("We conclude the district court correctly determined the statements in the 911 call and those given to the responding emergency personnel and police officer are nontestimonial. The statements were in the context of seeking help for injuries and protection from Moore, not as part of a police investigation.").

This particular call was not a testimonial statement. The call was made during an ongoing emergency. *See Davis*, 547 U.S. at 827 (finding a statement was not testimonial when it was in reference to events that were still occurring). The call was an open-line call in which the dispatcher did not speak with the caller. Instead, A.G. called the number and threw the phone so Walker could not reach it. The phone line was left open, and a recording of contemporaneous events was made. An ongoing assault is audible in the recoding. The recording contains a woman begging, screaming, and struggling. A male voice can be heard demanding, "Take your pants off." The purpose of this call was not to aid future prosecution but to seek immediate emergency help. Therefore, the admission of the 911 call did not violate Walker's rights under the confrontation clauses.

In his second claim of error, Walker contends the district court erred in allowing Officers Johnson and Bowers to testify regarding A.G.'s statements to them on the night in question. This court reviews rulings on the admission of hearsay for correction of errors at law. *See State v. Liendo*, No. 98-1665, 2000 WL 1587636, at *1 (Iowa Ct. App. Oct. 25, 2000).

As a general rule, hearsay testimony is inadmissible. *See* Iowa R. Evid. 5.802; *State v. West*, No. 15-1431, 2016 WL 5930629, at *3 (Iowa Ct. App. Oct. 12, 2016). There are numerous exceptions to the general rule, however. At issue

here is the excited utterance exception. *See* Iowa R. Evid. 5.803(2). An excited utterance is defined as: "A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id.* "This exception is generally applicable to spontaneous statements made under the excitement of an event or condition, rather than upon deliberation or reflection." *State v. Dean*, No. 04-0773, 2005 WL 427701, at *2 (Iowa Ct. App. Feb. 24, 2005). The court considers five factors when determining whether a statement qualifies as an excited utterance:

> (1) the time lapse between the event and the statement, (2) the extent to which questioning elicited the statements that otherwise would not have been volunteered, (3) the age and condition of the declarant, (4) the characteristics of the event being described, and (5) the subject matter of the statement.

*State v. Dudley*, 856 N.W.2d 668, 679 (Iowa 2014) (quoting *State v. Harper*, 770 N.W.2d 316, 319 (Iowa 2009)).

In considering the relevant factors, we hold the district court did not err in concluding A.G.'s statements were excited utterances. First, the time lapse between the assault and the statements was short. Davenport police were dispatched to the scene while the assault was occurring and arrived on the scene shortly thereafter—within a matter of minutes. By comparison, this court has concluded statements amounted to excited utterances after longer periods of time between the event and the statements. *See State v. Sallis*, No. 17-0301, 2017 WL 6040002, at *2 (Iowa Ct. App. Dec. 6, 2017) ("Our cases have held that statements made several hours or even days after the startling event or condition can qualify as excited utterances so long as the declarant was under the stress of excitement that the startling event or condition caused."); *see also State v. Galvan*, 297

N.W.2d 344, 347 (Iowa 1980) (holding a statement was an excited utterance despite the passage of two days between the event and statement); *State v. Paulsen*, 265 N.W.2d 581, 586 (Iowa 1978) (applying the excited utterance exception when two hours passed between the incident and statement).

Second, the officers did not elicit the statements from A.G. Officer Johnson testified he parked his car and exited the vehicle to speak with A.G. and "[s]he began to tell [him] that there was a man who took her phone and tried to rape her." Officer Bowers did ask A.G. questions, but the questions were background questions. He asked her "how she knew the defendant, when and where approximately she was when they met and how that occurred, and how things transpired from there." Bowers' general background questions merely provided a framework for information A.G. was already attempting to convey rather than eliciting statements.

Third, A.G.'s mental and physical condition shows she was impelled to speak due to the stress of the event. Johnson testified A.G. was "very frantic, very emotional, [and] distressed." He testified she was "disheveled, [and] her clothes had some minor tears in them." Officer Bowers reported crushed leaves were in her hair and stuck to her clothing. She had fresh bruising and scratching and some of her hair had been torn out. Officer Bowers testified she was visibly, emotionally upset. He testified she was distraught, in a panicked state of mind, and talking too fast to be understood. A.G.'s condition supports a finding that her statement was made while under the excitement of the event. *See State v. Pogwizd*, No. 17-0133, 2018 WL 1442680, at *3 (Iowa Ct. App. Mar. 21, 2018) (applying the excited utterance exception when the declarant was "crying, shaking, trembling," and "out

of control with fear"); *State v. Shelton*, No. 02-0673, 2003 WL 22187177, at *3 (Iowa Ct. App. Sept. 24, 2003) (finding a statement was an excited utterance when the declarant was "nervous, sweaty, pale, and fidgety," was shaking, and "his eyes were really big").

Walker contends the fact that Officer Bowers allowed A.G. a few minutes to calm down before she spoke precludes a finding that her statement was made while under the excitement of the event. We disagree. In *State v. Mateer*, the court held that waiting until a declarant can speak coherently does not preclude application of the excited utterance exception. 383 N.W.2d 533, 536 (Iowa 1986). In that case, the declarants, three young girls, were "hysterical" after one had been subjected to indecent contact with an adult. *Id.* at 535. The responding officer "had to wait until they could calm down" before questioning them. *Id.* The court found that the excited utterance exception applied, holding "the two girls, while in the process of calming down in order to speak intelligibly and be understood, were still describing the incident while under its stress." *Id.* at 536.

Fourth, the characteristics of the event being described support a finding that this was an excited utterance. A.G. had been assaulted and injured, and Walker had attempted to rape her. Such an altercation is the kind that would cause a person to make a spontaneous statement. *See State v. Hy*, 458 N.W.2d 609, 611 (Iowa 1990) (applying the excited utterance exception when "[t]he event which produced the statements was a sexual assault with accompanying physical injuries"); *Dean*, 2005 WL 427701, at *2 (applying the excited utterance exception when the complainant was assaulted).

Finally, A.G.'s statements regarded the identity of her attacker, the event's leading up to the assault, and a description of the assault itself. The statements qualify for the excited utterance exception because they relate to the startling event rather than to other matters. *See Dean*, 2005 WL 427701, at *2 (applying the excited utterance exception when the statement described a physical assault); *Shelton*, 2003 WL 22187177, at *3 (applying the excited utterance exception when the declarant described the murder that prompted his excited state). The district court did not err in overruling Walker's hearsay objections.

We address a final claim. Walker contends that Officer Bowers' and Officer Johnson's testimony was prejudicially cumulative. Although Walker makes this allegation in the headings of his brief, he fails to argue it in the body of his brief. Because Walker failed to develop this argument and provide any supporting authority, he waived this claim. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *In re Marriage of Crow*, No. 01-1924, 2002 WL 31640941, at *1 n.2 (Iowa Ct. App. Nov. 25, 2002) (finding claimant waived claim when she provided "a bare contention, with no supporting authority").

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**