# IN THE COURT OF APPEALS OF IOWA

No. 18-1809
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAFET VELIC,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Safet Velic appeals his convictions for burglary and domestic abuse assault causing bodily injury. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Safet Velic appeals his convictions for burglary and domestic abuse assault causing bodily injury. Velic contends the district court erred by not excluding testimony from the trial as hearsay. We find the testimony was properly admitted under the excited-utterance exception to the rule against hearsay and affirm.

## I. Background Facts & Proceedings

In late January 2018, a no-contact order was entered against Velic with his wife, H.S., as the protected party. The order restricted Velic from entering the property they owned together. On February 9, H.S. was attacked when entering her garage. The attacker struck her on the arm and threatened her. H.S. ran away, called 911, and sought help from neighbors; the attacker fled. Officers responded minutes after the call and walked H.S. back to her home. H.S. identified Velic as her attacker.

On February 21, the State charged Velic with first-degree burglary, domestic abuse assault by use or display of a dangerous weapon, and domestic abuse assault causing bodily injury. A jury trial was held in late July.

During trial, the court permitted the responding officer to testify to statements made by H.S. immediately after the attack. Velic's counsel objected repeatedly, but the court overruled the objections, allowing the statements as excited utterances. Velic requested a limiting instruction be given to the jury, and the court immediately told the jury,

> Ladies and gentlemen, the purpose of this testimony, although it's an excited utterance, is not for the truth of what's being said, but rather for the purpose of showing why this officer followed through and what he did afterwards, and that these comments were made, but not that they are truthful in and of themselves.

The officer then testified about his encounter with H.S. the morning of February 9.[1]

The jury convicted Velic of first-degree burglary, domestic abuse assault, and domestic abuse assault causing bodily injury. The court merged the two domestic abuse assault convictions. Velic appeals.

## II. Standard of Review

"Although we normally review evidence-admission decisions by the district court for an abuse of discretion, we review hearsay claims for correction of errors at law." *State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016), *as amended* (May 5, 2016). "'[T]he question whether a particular statement constitutes hearsay presents a legal issue,' leaving the trial court no discretion on whether to admit or deny admission of the statement." *Id.* (alteration in original) (citation omitted).

## III. Analysis

On appeal, Velic claims the court should have excluded testimony from the responding officer describing statements made by H.S. as hearsay. Hearsay is a statement made by a declarant outside of trial testimony, which a "party offers into evidence to prove the truth of the matter asserted in the statement." Iowa R. Evid. 5.801(c). Hearsay is not admissible evidence unless it falls within an exception or exclusion specified in the constitution, a statute, the Iowa Rules of Evidence, or other Iowa Supreme Court rule. Iowa R. Evid. 5.802. Here, the court admitted the officer's testimony about H.S.'s statements as excited utterances. Velic claims the statements were not excited utterances.

---

[1] The jury also heard testimony from H.S., a second police officer, a neighbor, and Velic.

An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Iowa R. Evid. 5.803(2). "The rationale behind the exception is that statements made under the stress of excitement are less likely to involve deception than if made upon reflection or deliberation." *State v. Tejeda*, 677 N.W.2d 744, 753 (Iowa 2004).

> In determining whether a statement qualifies as an excited utterance, the trial court should consider: "(1) the time lapse between the event and the statement, (2) the extent to which questioning elicited the statements that otherwise would not have been volunteered, (3) the age and condition of the declarant, (4) the characteristics of the event being described, and (5) the subject matter of the statement."

*State v. Harper*, 770 N.W.2d 316, 319 (Iowa 2009) (citation omitted).

The officer responded within ten minutes of H.S.'s 911 call, which H.S. made as she was running away. The statements were made in the following fifteen minutes. The victim was visibly upset and crying when the officer arrived and still crying when law enforcement left over an hour later. She had been attacked in her garage and struck on her arm and was in fear of further injury. The statements offered in testimony were a brief description of what H.S. told the police. In each instance, the testimony gave context to the officer's subsequent actions and observations.

Velic asserts H.S. is not fluent in English and, therefore, any statements she made in English to the officers were the product of conscious thought rather than made under the stress of the excitement of the event. Velic points to the 911 call and H.S.'s need for an interpreter during trial as support. However, Velic does not offer any Iowa authority to support this argument.

In the past, the Iowa Supreme Court has found statements made by declarants who were agitated but had calmed enough to be "able to act rationally and function in a relatively normal manner" were nonetheless admissible as excited utterances. *State v. Mateer*, 383 N.W.2d 533, 536 (Iowa 1986). We apply that rationale here. While the officer acknowledged H.S. was hard to understand due to the language barrier, the 911 call shows H.S. had some ability to speak English while in distress. H.S.'s need for an interpreter at trial to understand and provide detailed testimony does not mean she was unable to communicate what happened to the police while under the stress of the event. H.S.'s lack of fluency in English is not equivalent to being unable to communicate what happened while still under the stress of the event.

Under all the facts and circumstances, we conclude the statements offered by the officer fall within the excited-utterance exception to the hearsay rule.

**AFFIRMED.**