# IN THE COURT OF APPEALS OF IOWA

No. 21-0627
Filed May 11, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CLARENCE ELTON WIDNER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Melissa Anderson-Seeber, Judge.

A defendant appeals his conviction and sentence for failing to comply with the sex offender registry requirements, second or subsequent offense, as a habitual offender. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Clarence Widner appeals his conviction and sentence for violating the terms of the sex offender registry. He contends there is insufficient evidence that he had the requisite knowledge of the requirements imposed by the registry. He also alleges the district court considered an improper factor when sentencing him. We find sufficient evidence to affirm the conviction and conclude the district court did not consider an improper factor during sentencing. Therefore, we affirm.

## I.       Background Facts & Proceedings

Widner has been a tier-three registered sex offender in Buchanan County since 2000, a period of around twenty years at the time of the proceedings subject to this appeal. As a tier-three offender, he was required to meet with the sheriff's office four times per year.

In November 2019, Widner was living with an individual and had registered this person's address with the Buchanan County Sheriff's Department. On November 29, Widner and the individual had a falling out. As a result, the individual drove Widner to a homeless shelter in Waterloo. This individual later contacted the Buchanan County Sheriff's Department and informed the Department that Widner was no longer residing with him.

A Buchanan County deputy confirmed that Widner was staying at the homeless shelter on December 10, a period of over five days from his previous address. The deputy requested and obtained a warrant for Widner's arrest. The State charged Widner with two counts of failure to comply with the sex offender registry requirements. Count one alleged Widner failed to inform the sheriff of a

change in a temporary residence. Count two alleged Widner failed to inform the sheriff of a change of residence to a different jurisdiction.

After a bench trial on December 9, 2020, the court found Widner guilty of failing to comply with the sex offender registry requirements, second or subsequent offense, as a habitual offender, in violation of Iowa Code sections 692A.103, .105, .111, 902.8, and 902.9(1)(c) (2019).

A presentence investigation report (PSI) was completed, and a sentencing hearing was conducted. The court first sentenced Widner on a separate probation revocation, in which the court revoked probation and imposed a fifteen-year sentence. The court then imposed a fifteen-year sentence on the challenged conviction, subject to a mandatory minimum of three years. The court ran this sentence consecutively to the sentence imposed on the probation revocation. The court dismissed count two as part of the sentencing order. Widner timely appeals.

## II. Standard of Review

Our standard of review in a sufficiency-of-the-evidence challenge is for errors at law. *State v. Spies*, 672 N.W.2d 792, 796 (Iowa 2003). The district court's finding of guilt is binding on us unless we find there was not substantial evidence in the record to support such a finding. *Id.* In determining whether there was substantial evidence, we review the record evidence in the light most favorable to the State. *Id.* Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *State v. Sutton*, 636 N.W.2d 107, 110 (Iowa 2001).

With respect to a challenge to a sentence, when a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse

of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

## III.    Sufficiency of Evidence

Widner alleges there is insufficient evidence to support his conviction. Specifically, Widner contends there is insufficient evidence that he knew or reasonably should have known about the registration requirements imposed because of his sex offender status. "In making determinations regarding the sufficiency of the evidence, we view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence." *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019).

Widner was convicted under Iowa Code sections 692A.103, .105 and .111. Section 692A.103 requires a person convicted of certain sex offenses to register as a sex offender and comply with the requirements of the registry. Section 692A.105 requires a registered sex offender to "appear in person to notify the sheriff . . . of any location in which the offender is staying when away from the principal residence of the offender for more than five days." Finally, section 692A.111 notes that to

violate the requirements of the registry, the offender must "know[ ] or reasonably should know of the duty to fulfill a requirement specified in [chapter 692A]." Therefore, to convict Widner, proof of three elements was necessary: (1) Widner was a registered sex offender; (2) he failed to inform the sheriff of a change in temporary lodging; and (3) he knew or should have known of the requirement to inform the sheriff. Widner only challenges the final element—whether he knew or reasonably should have known of the requirement to inform the sheriff.

Widner alleges the State failed to show he knew about the requirement to inform the sheriff of a temporary change in lodging. Deputy Conklin, the administrative office deputy for the Buchanan County Sheriff's Office, testified that Widner needed to update and verify his information with the office four times per year. During those in-person meetings, Conklin presented Widner with a seven or eight page document that contained the rules and requirements he was expected to follow. According to Deputy Conklin, that document came "verbatim through the Code of Iowa that lists what [the offender's] restrictions are, what they're required to do as a registered sex offender." Copies of the document are made available to offenders. Offenders are required to sign the document at each meeting. Because Widner had been registered for nearly twenty years, he was required to meet with the sheriff's department of the county in which he was residing around eighty times. The State did not move to admit the documentation that Widner signed during his meetings with the sheriff's department. However, the evidence supports a determination that Widner knew, or at least reasonably should have known, about the registration requirement from the times he was presented the documentation containing the statutory requirements his registration status entailed. *See State v.*

*Holmes*, No. 14-0622, 2015 WL 576088, at *2–3 (Iowa Ct. App. Feb. 11, 2015) (finding testimony "minutes show[ing] an employee of the sheriff's office would testify concerning, 'when the defendant had registered, the process for registration or updating information, and the rules/regulations that are provided to the defendant each time he registers,'" among other details, was sufficient to show the defendant knew about the registry requirements).

Widner contends this case is similar to *State v. Adams*, where this court found a defendant did not have knowledge of the registry's requirements. No. 09-1499, 2010 WL 3894440, at *7 (Iowa Ct. App. Oct. 6, 2010). But that case is readily distinguishable. First, the *Adams* case "went to trial on a very limited, two-page, agreed-upon record." *Id.* Further, the court found that the two-page record contained "*no* evidence" that Adams was informed of the requirement to register within a certain amount of time. *Id.* The court found that merely registering with the sheriff was insufficient to impute knowledge of other requirements. *Id.* Here, the record evidences more than just a statement that Widner was required to register. Widner met with the sheriff's department roughly eighty times over a period of twenty years and received or was offered written registry requirements at each meeting.

While Deputy Conklin did not specifically state that the documents Widner signed "contained section 692A.105," we draw every reasonable inference from the evidence in the record. *See Lilly*, 930 N.W.2d at 298. Deputy Conklin's uncontested testimony was that a verbatim recitation of the statutory requirements imposed on Widner was in the documents provided to Widner at each meeting. And at the time of this trial, Widner was on probation for a previous conviction for

failing to register. Would the record be bolstered if the State had offered the documentation from Widner's file? Certainly. But on this record we find substantial evidence to convince a rational trier of fact of Widner's guilt beyond a reasonable doubt.

## IV. Sentencing

Widner alleges the district court considered improper information during sentencing. When "a sentence imposed is within the statutory limits, as it is here, we review for an abuse of discretion." *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). Sentencing decisions are given a strong presumption of validity. *Id.* at 385–86. However, a court may not consider "unproven or unprosecuted offense[s] when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (per curiam).

Widner contends the district court improperly considered information in the PSI. In particular, Widner argues the court should not have considered information in the employment history section, which recites that Widner, while at work, inappropriately touched minors and then masturbated in the bathroom. That information stems from Widner admitting to the inappropriate touching following a polygraph examination in 1997 while he was on probation. During the sentencing hearing, defense counsel stated:

> [Widner and counsel] don't have any additions, changes or subtraction, however, both Mr. Widner and myself do object to the [c]ourt, I guess, weighing some of the factors mentioned in the PSI as factors for the sentencing determination in this case; specifically, any allegation of any inappropriate contact between my client and a third party that did not result in criminal charges and/or convictions. We believe that [Widner] has not had the opportunity to benefit from the

judicial system, and because of that, your Honor, they can only be considered as allegations not as factors.

Counsel clarified that his objection related to a Department of Human Services "report involving Winder and potentially his stepdaughter, also allegations involving [Widner] and workers at a restaurant," which counsel stated appeared on "page 6 under employment history comments" and on "page 10 under marital relationship dynamics." The state added that the admission was used in a previous probation revocation proceeding. The court responded:

> The [c]ourt will not consider anything about the current pending situation Mr. Widner has. He is surrounded by the presumption of innocence, and I take that very seriously. I will not consider any new charges against him. I will not consider anything to do with the Department of Human Services or any of their findings that do not lead to any criminal prosecutions in this case. Any admissions, however, Mr. Widner, that you made, I will be considering in the sentence that I ultimately impose in this case.

The district court highlighted the reasoning for the sentence as the need for protection of the community, rehabilitation of the defendant, Widner's age, prior record, employment history, and nature and circumstances of the offense. The court emphasized that it believed Widner intentionally and repeatedly violated the terms of the registry.

> I've considered your request, I've considered the requests of your attorney, as well as the requests of the county attorney, and I've also considered all the sentencing options that are available in Chapters 901 and 907 of the Code of Iowa. And my judgment for this sentence is based on what I believe would provide maximum opportunity for your rehabilitation, as well as protecting the community from further offenses by you. And in structuring this sentence, I specifically consider your age, your prior record, your employment history, your circumstances at the time of the offense, the nature of the offense of this, and the fact that it is designed to do to protect people in the community.
> So the bottom line, Mr. Widner, pursuant to [section] 902.9 of the Code, you're committed to the Iowa Department of Corrections for

a term not to exceed 15 years in prison.     There will be a three-year minimum sentence.     You are ordered that the Iowa Medical and Classification Center is the receiving center at Oakdale, Iowa, and the Buchanan County Sheriff will transport you to that facility.     You're also given credit for time served.

The decision that I need to make in your case specifically is whether this sentence runs concurrent as you and your counsel are asking for or consecutive, which is what the State is asking from me. And I've got to tell you, Mr. Widner, you strike me that you are an intelligent man.     You understand things, you are very conversant, and I fully believe that you know exactly what you need to do for the registry.  You choose not to follow the rules.     You told me that you weren't planning on living in Delaware County so that's why you didn't register.     Well, that's not the way the registry is designed.     And in the current case, you didn't—I'm sure you didn't plan on living in Black Hawk County, but you were already on probation for an offense that you knew you have to keep law enforcement and the registry up to date on where you're at and what your activities are.     That's the whole point they have advance notice—they have notice of where you're living.     It is really important.     In the PSI, it's pretty clear that you have a diagnosis of pedophilia.     And I'm sure that's something that you are going to struggle with your entire life.     And I'm sure you want to control those impulses, but that's even more important why the registry is critical that you follow it.

I have reviewed the file.   I just simply do not believe that this is a matter of misunderstanding or homelessness.     I think it's you simply not wanting to follow the rules.     And the fact that this is the third time in a very short period of time you're in violation is very troubling.   So I believe we're at the point— and I want to be very clear on this—we're at the point in your life where my job is to protect the public.     And as a result, I'm going to run these two sentences consecutive to each other.     Your attorney said that it seems very heavy handed for the behavior, but the bottom line is, you have demonstrated to me that in your view, these don't apply for you.   You can come up with any sort of excuse not to follow the registry, but I'm going to give you sufficient time to think about it and encourage you to study up on every nuance of the registry.   Even though I imposed the sentence, that doesn't mean you're going to serve the whole sentence. With program credits, earned credits, this sentence could be reduced by as much as half.  But I want you to understand your freedom is completely dependent on you following the rules of the registry.   So for those reasons, I'm running the 15 years consecutive to the 15 years on your probation revocation . . . .

The court's written sentencing order set forth the reasons for the sentence

as "most likely to protect society and rehabilitate the defendant based on the nature

of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any."

The State, in a footnote, suggests the district court did not rely enough on Widner's conduct at work to be counted as a factor the court considered. First, we question whether presenting the argument in a footnote is sufficient raise the issue on appeal. *See Yunek v. Continental Cas. Co.*, No. 11-1693, 2012 WL 3194113, at * (Iowa Ct. App. Aug. 8, 2012). In any event, the State's argument lacks support. It is true that mere awareness of uncharged offenses is insufficient to overcome the presumption of validity in sentencing. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("[T]here must be an affirmative showing that the trial judge relied on the uncharged offenses."). We do not speculate on the weight the sentencing court assigned these factors. *State v. Zeien Cox*, No. 17-0428, 2017 WL 6513976, at *3 (Iowa Ct. App. Dec. 20, 2017). By noting Widner's prior record and employment history, the court sufficiently relied on the disputed portion of the PSI to merit our review. Further, the district court specifically noted that the court would consider prior admissions, while rejecting any consideration of unproven matters.

As recognized by the district court, a court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it. *See State v. Mateer*, 383 N.W.2d 533, 538 (Iowa 1986); *State v. Black*, 324 N.W.2d 313, 315–16 (Iowa 1982); *State v. Messer*, 306 N.W.2d 731, 732–33 (Iowa 1981). At issue in this case is whether the district court improperly considered an admission referenced in the PSI.

A court may properly consider uncharged or unproven offenses if the defendant admits to the conduct. *Witham*, 538 N.W.2d at 678. As noted above, Widner admitted to the conduct after a polygraph examination in 1997. While Widner objected to the lack of judicial process for the admission, he did not challenge the accuracy of the actual admission. Such is sufficient to allow the district court to consider the challenged admission referenced in the PSI. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (the defendant's lack of "material corrections" to the PSI allowed the court to consider the defendant's admission to the PSI investigator that he had assisted in distribution of cocaine that was charged but eventually dropped); *Witham*, 538 N.W.2d at 678 ("The defendant did not claim the mental health portions of the PSI report were inaccurate . . . . Under these circumstances, the unchallenged portions of the PSI report constituted sufficient facts from which the sentencing court could consider" uncharged conduct); *State v. Townsend*, 238 N.W.2d 351, 358 (Iowa 1976) (finding that the court could consider information in the PSI when the information was "unchallenged as to accuracy except in two minor particulars"); *see also State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) (applying *Gonzalez* to a case where the defendant did not make the admission to the PSI investigator, but the information was "obtained from other sources").

Widner's appellate brief points to the unreliability of polygraph examinations, the lack of information showing the admission was voluntary, and the fact that it would not have been clear to the court where the information came from because no documents were submitted supporting the admission. Those arguments were not raised before the sentencing court, with the only challenge being a lack of a

conviction on the admission. Widner neither challenged the factual validity of the admission nor that such admission was used to revoke a previously imposed probationary period. We determine the district court did not abuse its discretion in considering a prior admission and affirm Widner's sentence.

**AFFIRMED.**